CAR & GENERAL INSURANCE CORPORATION, LTD., and another, Appellants, vs. INDUSTRIAL COMMISSION and another, Respondents.

*March 12—April 7, 1937.*

544

For the appellants there was a brief by *Hannan, Johnson & Goldschmidt,* attorneys, and *Herbert L. Wible* of counsel, all of Milwaukee, and oral argument by *Mr. Wible.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Charles Braun there was a brief by *Sawyer & Gehl* of Hartford.

FAIRCHILD, J. The result below was a confirmation of the findings of the Industrial Commission that at the time of his injury Charles Braun was performing service growing out of and incidental to his employment, and that the injury arose out of such employment. The Hartford Theatre Company operated a moving-picture theater at Hartford, Wisconsin. Braun had the management of it. His employer engaged his services and stipulated with him that it would furnish him with transportation to and from his home in Milwaukee, and required Braun to carry films from Milwaukee to Hartford, and after use there to return them to the distributor in Milwaukee. The agreement provided in addition to the use of the car by Braun that the company should pay for the gasoline, oil, repairs, and tires. Braun was injured February 23, 1934, on his way to his home in Milwaukee and while trans-

porting films from the theater to the film-service agency. The finding and award of the Industrial Commission was that Braun was injured while performing services growing out of and incidental to his employment and ordered payment of compensation. With these facts established, the case is ruled by the law recognized in the cases of *Schmiedeke v. Four Wheel Drive Auto Co.* 192 Wis. 574, 213 N. W. 292, and *Racine County v. Industrial Comm.* 210 Wis. 315, 246 N. W. 303. In a discussion of scope of employment with reference to the liability of the principal to a third person in tort, 1 Restatement, Agency, p. 512, § 229, comment *d,* is as follows:

"If the master supplies a servant with a vehicle in order that the servant may go to or from work, it is important to ascertain whether the vehicle is supplied primarily for the purpose of assisting the master's work or for the purpose of assisting the employee to perform what is essentially his own job of getting to or from work. The mere fact that the employer supplies a vehicle does not establish that those who avail themselves of it are within the scope of employment while upon it, especially if the use is merely casual. On the other hand, the fact that the master contracts to supply a vehicle or that the supplying of a means of access to the work is one of the inducements to the employment indicates that the operation of the vehicle is part of the master's work. . . ."

The ruling of the circuit court that Braun was performing services for his employer incidental to his employment, first, because he was transporting film for his employer; and, second, because he was proceeding to his home from work in pursuance of an agreement as to the manner and method of transportation, must be affirmed. There is no suggestion in the case of his turning aside from his employment to engage in any personal matter, and the occasion and duties of employment were sufficiently present to sustain the award.

*By the Court.*—Judgment affirmed.