196 La. 74

**BROWNFIELD v. SOUTHERN AMUSE-MENT CO., Inc., et al.**

Nos. 35779, 35780.

Supreme Court of Louisiana.

June 28, 1940.

Case Dismissed on Rehearing Nov. 4, 1940.

Cook, Cook & Egan and Albert T. Hughes, Jr., all of Shreveport, for New Amsterdam Casualty Co.

E. W. & P. N. Browne, of Shreveport, for Southern Amusement Co., Inc., and Great American Indemnity Co. of N. Y.

Lee & Lee, of Shreveport, for Mrs. Susie Brownfield.

ROGERS, Justice.

Mrs. Susie Brownfield was injured in May, 1938, while in the employ of the Southern Amusement Company, Inc., and in this suit she is seeking compensation from her, employer and its insurance carriers. .An award in her favor by the district court was affirmed by the Court of Appeal. On the petitions of the employer and its insurance carriers, writs of certio-

rari were granted to review the record, and the matter is submitted by the relators upon two propositions: (1) that workmen's compensation payable to a married woman is community property and can be recovered only by the husband as head and master of the community; and (2) that an employee in a nonhazardous business can not, by using her own automobile to do certain required things, make her employer responsible for workmen's compensation.

The plaintiff, Mrs. Susie Brownfield, was employed by the defendant, Southern Amusement Company, Inc., as manager of its DeSoto Theatre in the Town of Mansfield during the year 1938 and prior thereto. Plaintiff's duties were principally of a clerical nature. She also sold and took up tickets and supervised the showing of pictures in the theatre.

On May 13, 1938, while seated on a tall stool at the cashier's window, in the performance of her duties, she fell and broke her right arm in two places above the elbow joint, causing her the permanent loss of ninety per cent of the use of her arm. At the time of her injury, she was married to Gerald Brownfield.

It appears that Mrs. Brownfield used her own automobile in checking and supervising outdoor advertising matter used by her employer and to occasionally transport delayed films from Shreveport to Mansfield. Due to a weak ankle, Mrs. Brownfield was unable to drive the automobile and her husband drove it for her under her control and supervision. Mr. Brownfield was not employed by the Southern Amusement Company and he received no compensation from that company for his services. Mrs. Brownfield herself received a salary of $30 per week.

We shall consider the propositions submitted by the relators in their order.

█ The earnings of the wife not living apart from her husband belong to the matrimonial community. Houghton v. Hall, 177 La. 237, 148 So. 37. Assimilating workman's compensation due the wife to earnings due the wife, defendants argue that the compensation is an asset of the community and must be claimed by the community through the husband. The argument is not sound.

█ It is true, in order to establish liability under the Workmen's Compensation Law, Act No. 20 of 1914, it is necessary to show that the relation of employer and employee exists between the parties. But it does not follow from this that the right of the workman to demand compensation is governed wholly by the law relating to private contracts. The obligation of the employer to pay compensation to his employee, or the employee's dependents is not the result of a contract. It is purely statutory.

█ The object of the Workmen's Compensation Law is to provide means of subsistence to the employee during a specific time, when his earning capacity has been partially or entirely destroyed, either temporarily or permanently by injury received in the course of his employment. Veasey v. Peters, 142 La. 1012, 77 So. 948. Another object of the law is to provide the means of subsistence to the dependents of the employee for his death if caused by the injury.

In the case of Tierney v. Tierney & Co., 176 Minn. 464, 223 N.W. 773, 774, the Supreme Court of Minnesota has properly characterized the Workmen's Compensation Law as follows:

"Although the rights and obligations created by the Compensation Law are of a contractual nature, in the sense that the law is not compulsory and applies only where both parties see fit to come under it, yet the rights granted and the obligations imposed rest upon the statute, and are limited to those granted or imposed by it.

"The statute creates two distinct rights —one for the benefit of the workman; the other for the benefit of his dependents. To the workman it gives compensation for disability caused by injuries sustained while in the performance of his duties. This is intended as compensation to him for loss of earnings. To his dependents it gives compensation for his death, if caused by the injury. This is intended as compensation for loss of the support which they would have received from him if he had lived. Dependents are given no rights except where death results from the injury. State ex rel. v. District Court, 131 Minn. 96, 154 N.W. 661. As the death of Mr. Tierney did not result from the injury, it is conceded that the relator has no claim under the provision for dependents. * *

"Among the reasons assigned for their conclusions are: That the right is purely statutory and does not extend beyond the life of the beneficiary unless the statute so provides; that the right, being nonas-

signable, does not survive to others at death; that it grew out of the contract of employment, is in lieu of wages, is personal like the contract of employment, and is terminated by death, as that would have terminated the contract out of which it grew; that it is intended for the personal benefit of the beneficiary, and is not a vested right nor transmissible to others; and that, the statute having specified the rights granted to dependents, they possess only those so specified."

The theory upon which the workmen's compensation legislation is founded is that compensation for injuries received in the course of employment is due only to the injured employee and to certain designated dependents in case of his death from injury. As respects the injured employee, the law declares that he shall be given compensation for the loss of his earnings. As respects his dependents, the law declares they shall be given compensation for the loss of the support they would have received if the injured employee had survived. The basic idea is the payment of compensation for the loss resulting from the disability or death of the employee. The relief is purely statutory and is solely for the benefit of and personal to the injured employee or his dependents. Under the terms of the statute, only the employee or his dependents have the right to enforce the liability for compensation imposed by law upon the employer. If the employee be a married woman, as is the case before us, the right to compensation is personal to her. It is a property right belonging to her, for which she alone, during her lifetime, may sue to recover.

The other question involved in the case is whether the manager and cashier of a motion picture theatre, who occasionally uses her own automobile in her employer's business, is engaged in a hazardous occupation.

In support of her contention that the business of a motion picture theatre is in part hazardous and in part non-hazardous, plaintiff cites the following cases decided by the courts of last resort of other states, viz.—Ascher Bros. Amusement Enterprises v. Industrial Commission, 311 Ill. 258, 142 N.E. 488; Car & General Insurance Corporation, Ltd. v. Industrial Commission, 224 Wis. 543, 272 N.W. 351; and Goldberg v. 954 Marcy Corporation, 276 N.Y. 313, 12 N.E.2d 311.

The issues in those cases were not precisely the same as those in the present case. They were decided upon particular facts and upon the particular laws governing those facts. In the Ascher case, the court held that a moving picture theatre was within the terms of an ordinance prohibiting the use of moving picture machines in public buildings unless they complied with certain required specifications enumerated in the ordinance. The court held that the conditions were imposed for the safety of the employee and the public, and the employer, under the terms of the ordinance, was automatically brought within the provisions of the Workmen's Compensation Act, Smith-Hurd Stats. c. 48, § 139. In the case of the Car & General Insurance Corporation, the employee was injured while transporting films in his automobile from the theatre to the Film Service Agency. However, he was employed under a contract providing that his employer would furnish him with transportation to and from his home and for the purpose of performing his duty of obtaining and returning films used by the theatre. The court ruled that the employee was performing services for his employer incidental to his employment, first, because he was transporting for his employer, and, second, because he was proceeding to his home from work in pursuance of an agreement as to the manner and method of such transportation. In the Goldberg case, the conditions under which the employee was required to work caused blotches to appear on her limbs and caused her feet to become numb and weak. She complained about her condition to her employer, and he sent her to a physician. While on the way to the physician's office, due to the weakness of her feet, she fell, sustaining a fracture of her left ankle. The court found that the weakness of the employee's feet was brought about by the conditions of her employment and that her case fell within the express provisions of the state's Workmen's Compensation Law.

The operation of a moving picture theatre is not designated in the Louisiana Workmen's Compensation Act as a hazardous business. However, in applying the provisions of the statute to cases where employees are injured in the business not specifically mentioned therein, the inquiry is always whether or not the duties of the injured employee required him to perform services of a hazardous nature incidental

to his employment and directly associated with his employer's business.

■ It is well settled in this State that where an employee is engaged in both hazardous and nonhazardous work in the same employment, his injury is compensable though it may occur in the performance of a nonhazardous portion of his work. Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303.

Plaintiff was employed by the defendant Southern Amusement Company as manager and cashier of its DeSoto Theatre in the Town of Mansfield. Her duties required that she spend all her time in the theatre, with the exception of a few hours each week which she devoted to the inspection of signs and billboards in the Town of Mansfield and its vicinity. For this purpose, defendant used her own automobile which was operated by her husband. Occasionally, when films were not promptly received in Mansfield, she would drive to Shreveport to obtain them or a substitute therefor.

Plaintiff who, we understand, is afflicted with a crippled foot was injured when she fell from a chair resting upon a raised platform of the ticket office of the theatre. The accident and plaintiff's ensuing injury had no relation whatever to the use of an automobile. The duty in which plaintiff was engaged at the time was free from danger and was of the safest character imaginable.

■ Plaintiff's theory is that she is covered by and comes within the scope of the Workmen's Compensation Law, because, at her own expense, she occasionally used her own automobile, operated by her husband, to assist her in carrying out a small part of her managerial duties. Plaintiff's occasional use of her own automobile was so remotely connected with her employer's business that the effect of holding her occupation a hazardous one would be to place almost every occupation or business in the same category. As business is now conducted, there are few occupations in which employees holding positions of absolute safety may not occasionally use their own automobiles, or even public conveyances in their employer's business. If plaintiff's theory be correct, all such employers would be subjected to liability under the Workmen's Compensation Law.

There are numerous cases, decided by this Court and by the several courts of appeal, holding that where an employee's duties are both hazardous and nonhazardous in their nature, the employee may recover even though when injured he is engaged in the nonhazardous branch of his work. But in all those cases, the employer was either engaged in a hazardous occupation, or the employee's duties were, to a large extent, hazardous in their nature. The leading case on the subject and the one most frequently quoted in support of the doctrine is Byas v. Hotel Bentley, 157 La. 1030, 103 So. 303. There the major portion of the employee's duties brought him into contact with the machinery used in his employer's business. Here the case is different. The major portion of plaintiff's work did not require her to come into contact with automobiles. Plaintiff's employer did not use or exact the use of an automobile in the operation of its business. Plaintiff's work was essentially of a nonhazardous character. The mere occasional use by her of her automobile to facilitate her in the performance of a very small part of her work did not take it out of that characterization. Byas v. Hotel Bentley, supra, represents the uttermost extent to which the doctrine should be made to apply.

In addition to the Byas case, plaintiff relies on the case of Stieffel v. Valentine Sugars, Inc., 188 La. 1091, 179 So. 6, 15. That case is not appropriate. There the defendant corporation was admittedly engaged in a hazardous occupation and it was not disputed that plaintiff's duties were both hazardous and nonhazardous. Plaintiff was seriously injured while going on an errand for his employer in a truck owned and operated by his employer. The controversy was not whether plaintiff came within the terms of the Workmen's Compensation Law, but whether his injury was such as to cause him permanent total disability, or merely permanent partial disability. This Court, in affirming the judgment of the District Court, held that plaintiff's injuries, "for present purposes, [must] be classed as amounting to permanent total disability within the intendment of the law."

■ While the Workmen's Compensation Law should be liberally interpreted in favor of the injured employee, it should, nevertheless, be reasonably interpreted so as to avoid absurd consequences. If the plaintiff should be permitted a recovery in this case, then any employee, merely by the

occasional and incidental use of an automobile, must be held to be engaged in a hazardous business, regardless of other facts and circumstances.

We think the doctrine that was first applied by the Court to employments in which automobiles were either used, maintained, sold, or operated should be limited to proper cases and should not be held to apply where the use or maintenance of the automobile is so remotely connected with the employer's business as to make the risk from its operation negligible. There is some risk connected with every employment. It is inconceivable that a salesman in a mercantile establishment, a stenographer in a professional office, or one of the numerous classes of employees engaged in clerical capacities, who might occasionally use an automobile in the performance of an errand for his employer, would come within the terms of the Workmen's Compensation Act and that the employer would be obligated to compensate an employee who is injured in discharging his work in the establishment or office itself. If the interpretation of the Workmen's Compensation Act can be extended beyond the extremely liberal interpretation given to it in the case of Byas v. Hotel Bentley, supra, there would be no such thing as an employment not covered by the provisions of the statute. Every injured employee, or his dependents when the injury is fatal, would be entitled to compensation. Thus workmen's compensation imposed by statute, in substance, would become the equivalent for life and accident insurance founded on contract.

Our conclusion is that the Court of Appeal, in affirming the judgment of the District Court, erred in awarding plaintiff compensation. This conclusion renders it unnecessary for us to review the controversy between the defendant insurance carriers, growing out of the double coverage on the theatre of the Southern Amusement Company, Inc.

For the reasons assigned, the judgments of the District Court and of the Court of Appeal are annulled and plaintiff's demand is rejected at her cost.

On Rehearing.

LAND, Justice.

After this case was argued and submitted on rehearing, a joint motion was filed by counsel for the plaintiff and the defendants to have the suit dismissed on the ground that it was settled by compromise.

This case is ordered dismissed.