McBRIDE, Judge.
Plaintiff has appealed from the judgment dismissing her suit by which she seeks recovery of workmen’s compensation from her employer and its compensation insurer for alleged total disability plus medical expenses. She claims the disability arose by virtue of an accident which occurred on October 14, 1954, during the scope of her employment when she attempted to step from a freight elevator in the New Monteleone Hotel in New Orleans at the fourteenth floor of the building. The defendants resist the demands on the ground that plaintiff’s occupation was nonhazardous and, therefore, she is not entitled to any of the benefits described by the compensation statute. LSA-R.S. 23:1021 et seq.
Plaintiff was in the employ of the defendant hotel company in the capacity of inspectress, the general duties of which employment were to check the work of the maids and the condition of approximately one hundred rooms situated on six floors of the hotel. It is conceded that she traveled from floor to floor by means of the freight elevator, and the accident by which she claims to have been rendered disabled occurred while she was making exit therefrom.
*732 The defendant hotel company operates in connection with its hotel business a steam laundry, but this is located in a separate and unconnected building. Said defendant within the hotel building proper maintains and operates certain electrically-powered freight and passenger elevators, air-conditioning machinery and refrigeration equipment. The latter is located in the hotel kitchen. Plaintiff argues that because the duties of her occupation required her use of the freight elevator, which is dangerous and hazardous, and to come into close proximity to the other machinery, this brings her within the compensation statute and entitles her to the benefits thereof.
The evidence in the case makes it certain that plaintiff was essentially engaged as a worker in nonhazardous duties which were confined to a nonhazardous phase of the employer’s business. It was not within the scope of her occupational duties that she operate or repair any of the mechanical equipment, including the elevators, and it does not appear that she was ever called upon to come into close contact with any of the mechanical equipment except when she rode in the freight elevator. She says she occasionally called at the laundry for the purpose of making inquiries regarding draperies which had been left for cleaning. However, we do not think that such visits as plaintiff may have made to the laundry were áriything but casual, and these did not tend to expo'se her to any of the hazards which were common to the employees of the laundry. There is no evidence in the record showing that her duties ever required her presence in the kitchen where the refrigeration machinery is located.
Plaintiff’s counsel relies heavily on Byas v. Hotel Bentley, Inc., 157 La. 1030, 103 So. 303, 304, which case, it is argued, holds that an employee in a hotel business is entitled to workmen’s compensation in the event of disability occasioned by an accident which happens while the duties of the employment aVe being' fulfilled. The Court in the cited case did not go so far as to hold that all employees in the hotel business are covered by the provisions of the statute. The facts, as found by the Court, were that the defendant in connection with its hotel operated and maintained a power plant, water-works, lighting system and power-driven elevators. Plaintiff’s deceased husband, who was chief bell boy, at times was called upon to operate the elevators, instruct new elevator operators, make repairs or adjustments in the switch controlling the elevators, and to go on errands to the engine room of the hotel, all of which constituted hazardous duties. In the performance of his duties of handling the baggage of guests of defendant’s hotel,, the deceased was brought into contact with taxicab drivers and public chauffeurs, and in an altercation with one of these arising out of a dispute over the carrying of baggage, plaintiff’s husband was shot and! killed. His widow was allowed a recovery of compensation.
Our appreciation of the Byas decision is that the Court concluded that the hotel business of the defendant was partially hazardous and partially nonhazardous and! that where an employee is required to discharge both hazardous and nonhazardous. duties, he is entitled to compensation even though his injury occurred while he was-engaged in nonhazardous work. The Court said this:
“In the present case, plaintiff’s husband was admittedly engaged in both hazardous and nonhazardous branches-of his employer’s business. It was all one employment for which he received! but one compensation. Therefore, it is immaterial whether his nonhazardous duties constituted his major employment to which his hazardous duties were merely incidental, or vice-versa. The fact remains that the deceased met his death while actually engaged in performing duties, whether main or incidental, called for by his employment.”
*733 The Byas rule has been applied in a number of cases, among which are Franz v. Sun Indemnity Co. of New York, La.App., 7 So.2d 636; Labostrie v. Weber, 15 La.App. 241, 130 So. 885, and Richardson v. American Employers’ Ins. Co., La.App., 31 So.2d 527. In the last of these cases a part of the employee’s duties required his operation of an automotive truck which was used in a beer parlor business, but his injuries occurred while he was in the nonhazardous task of lifting beer bottles inside of the beer parlor.
As is to be seen from the Byas and the other cases some businesses which are not hazardous by specific inclusion in the Act must be viewed as being hazardous and within the contemplation of the Act by virtue of the hazardous nature of the business and these may, in some instances, partake of both hazardous and nonhazardous features, such as the operation of the New Monteleone Hotel in which the plaintiff in the instant case was employed. When an employee in such business is required by his occupation to perform both hazardous and nonhazardous duties, he is covered by the provisions of the Act although his injuries may be sustained in duties in a nonhazardous portion of the business. But we are not aware of any jurisprudence, statutory provision, or logic under which an injured workman who is employed solely and only to perform and was performing nonhazardous duties in a nonhazardous phase of the business may be allowed a recovery of compensation. The jurisprudence of the State is all to the contrary.
In Allen v. Yantis, La.App., 196 So. 530, a farm laborer doing nonhazardous work was the compensation claimant. The farming business of the defendant was deemed hazardous merely because of the use of a trailer or truck. However, the claimant’s duties did not require him to operate the machine and recovery was denied.
The court in Horton v. Western Union Telegraph Co., La.App., 200 So. 44, rejected the claim of a disabled telegraph messenger who traveled by bicycle. The contention of plaintiff was that he was entitled to compensation because the business of the employer involved the operation and maintenance of wires and contrivances charged with electrical current.
In Claiborne v. Smith, La.App., 2 So.2d 714, a cook was held to be in nonhazardous employment even though an electrical refrigerator compressor was maintained and operated in the kitchen but with which the claimant was not brought into contact. The claim was rejected.
This court in Bruns v. Bemis Bros. Bag Co., La.App., 8 So.2d 142, 143, said:
“ * * * Our jurisprudence is definitely settled that, in determining whether an employee comes within the protection of the compensation laws, the only real consideration at issue is the nature of the employer’s business, and, when it can be established that the employer’s business is hazardous, the particular work of the employee is unimportant so long as he, the employee, is engaged in an integral branch of the hazardous field. * * ”
In Goodman v. National Casualty Co., La.App., 15 So.2d 173, 174, it was saidr.
“ * * * where an employee is injured in a business or occupation not specifically mentioned in the law as hazardous, the inquiry is whether or not the duties of the employee required him to perform services of a hazardous nature incidental to his employ-' ment and directly associated with his employer’s business. * * * ”
In Robin v. Brandin, La.App., 45 So.2d 423, the court said that even if the operation of a hotel was both hazardous by virtue of the use of an automobile in connection therewith and nonhazardous otherwise, the plaintiff whose duties did not require him to come in contact with the hazardous feature of the business is not entitled to compensation.
*734 The Supreme Court in Brownfield v. Southern Amusement Co., Inc., 196 La. 73, 198 So. 656, 660, recognized that the rule introduced by the Byas case, supra, resulted from an extremely liberal construction of the Workmen’s Compensation Act and refused to extend the doctrine to the case of a theater manager who was injured by falling from a chair in the theater office. It was argued on the claimant’s behalf that whereas she was required in inspecting signs and billboards to ride a few hours each week in her own automobile driven by her husband, she was in a hazardous employment. The Court said:
“While the Workmen’s Compensation Law should be liberally interpreted in favor of the injured employee, it should, nevertheless, be reasonably interpreted so as to avoid absurd consequences. If the plaintiff should be permitted a recovery in this case, then any employee, merely by the occasional and incidental use of an automobile, must be held to be engaged in a hazardous business, regardless of other facts and circumstances.
“ * * * There is some risk connected with every employment. It is inconceivable that a salesman in a mercantile establishment, a stenographer in a professional office, or one of the numerous classes of employees engaged in clerical capacities, who might •occasionally use an automobile in the performance of an errand for his employer, would come within the terms of the Workmen’s Compensation Act and that the employer would be obligated to compensate an employee who is injured in discharging his work in the establishment or office itself. If the interpretation of the Workmen’s Compensation Act can be extended beyond the extremely liberal interpretation given to it in the case of Byas v. Hotel Bentley, supra, there would be no such thing as an employment not covered by the provisions of the statute. Every injured employee, or his dependents when the injury is fatal, would be entitled to compensation. Thus workmen’s compensation imposed by statute, in substance, would become the equivalent for life and accident insurance founded on contract.”
Where the workman’s duties necessitate his riding in an elevator, this of itself does not place the employment in the category of being hazardous as there is nothing particularly dangerous in such mode of travel. The Court of Appeal for the Second Circuit had occasion in Coleman v. Sears, Roebuck & Company, 83 So.2d 469, 472, to pass on the compensation claim of a cashier in a department store who was required to ride in elevators and on escalators in going to and from the several departments of the store. The question was whether this fact made the employment hazardous. We agree with what the court said in answer:
“The fact that plaintiff while carrying out her duties rode escalators and in elevators, provided both for customers and employees, is not sufficient to bring plaintiff’s employment under the Compensation Statute. * * * ”
If it were to be held otherwise, the effect of such a holding would permit recovery of compensation for disability by accident by all manner of clerical workers and those of similar classifications who find it necessary from time to time to ride on elevators and escalators operated in the place of their employment. We do not think that it was in the contemplation of the Legislature that the Workmen’s Compensation Act would ever be construed to cover such type of employee.
The judgment appealed from is affirmed.
Affirmed.
REGAN, J., absent.