HOOD, Judge.
Mrs. Marie G. Holmes instituted this suit for a declaratory judgment against her husband, Glynn E. Holmes (from whom she had been judicially separated), and Royal Indemnity Company, the workmen’s compensation insurer of her husband’s employer. She seeks a judgment declaring her to be the owner of a one-half interest in all workmen’s compensation benefits *579 which may be due her husband arising out of an injury which he sustained on April 22, 1969.
Royal Indemnity Company filed an exception of no right of action, and after a hearing judgment was rendered by the trial court on June 26, 1972, sustaining that exception and dismissing the suit as to Royal Indemnity. Plaintiff appealed from that judgment.
Defendant Glynn E. Holmes filed an answer, and after the above mentioned appeal was perfected, the case was submitted for judgment of the issues existing between plaintiff and that remaining defendant. The trial court rendered judgment on the merits in favor of defendant Holmes on September 28, 1972, and plaintiff then appealed from that judgment.
The two appeals were argued at the same time, and although we will discuss here the issues presented in both of those proceedings, a separate judgment is being rendered on this date in each appeal. See Holmes v. Holmes and Royal Indemnity Company, 270 So.2d 581 (No. 4099 on the docket of this court).
The issue presented in the present appeal (from the judgment rendered on June 26, 1972) is whether plaintiff has a right of action against her husband’s employer, or its insurer, for a declaratory judgment decreeing that she has a community interest in the workmen’s compensation benefits which may be due her husband. The principal, and we think the determining, issue presented in the second appeal (from the judgment rendered on September 28, 1972) is whether a justiciable controversy exists between plaintiff and her husband sufficient to warrant the rendering of the declaratory judgment sought here.
Plaintiff and her husband were married in 1954, and they were still living together on April 22, 1969. On the last mentioned date Mr. Holmes was injured during the course of his employment by Louisiana Feed Company. Plaintiff and her husband have stipulated that Holmes is totally and permanently disabled as a result of that accident. No such stipulation was made, of course, by Louisiana Feed Company or by its workmen’s compensation insurer, Royal Indemnity Company. Following that accident, Royal Indemnity Company paid compensation benefits to Holmes from April 22, 1969, through and including September 14, 1971 (a total of 125 weeks), at the rate of $45.00 per week. The payment of those benefits was discontinued on the last mentioned date.
On October 5, 1971, Mrs. Holmes filed a suit for separation against her husband, and judgment was rendered on January 25, 1972, decreeing a separation from bed and board between them. The present suit was instituted by Mrs. Holmes on February 23, 1972.
Plaintiff alleges that her husband was injured on April 22, 1969, during the course of his employment, that he is totally and permanently disabled as a result of that injury, and that he was paid workmen’s compensation benefits from the date of the injury until September 14, 1971, for a total of 125 weeks. She alleges further that defendant, Royal Indemnity Company, is liable to her husband for compensation benefits of $45.00 per week for an additional period of 375 weeks from and after September 14, 1971, and that she “anticipates that defendants, Glynn E. Holmes and Royal Indemnity Company, anticipate and will enter into a settlement” of her husband’s claim. She contends that she is entitled to an undivided one-half interest in and to all workmen’s compensation benefits due and owing defendant Holmes, because of the fact that her husband’s injuries were sustained during the existence of the community between them. She prays for a declaratory judgment “decreeing petitioner to be the owner of ah undivided one-half (1/2) interest in and to all benefits for workmen’s compensation arising out of the accident of April 22, 1969.”
The law is settled that the benefits provided by the Workmen’s Compensation *580 Act are due only to the injured employee, or to certain designated dependents in case of his death from injury. The relief granted is personal to the injured employee when his injury does not result in death, and in such a case he alone has the right to enforce the payment of compensation benefits by his employer or the latter’s insurer. Brownfield v. Southern Amusement Company, 196 La. 73, 198 So. 656 (1940) ; Atchison v. May, 201 La. 1003, 10 So.2d 785 (1942); Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381 (1919); State v. Rapides Parish School Board, 227 La. 290, 79 So.2d 312 (1955).
In Brownfield v. Southern Amusement Company, supra, our Supreme Court held that the right to compensation is personal to a married woman employee, that the right is not a community asset which must be claimed by or through her husband, and that she alone may sue to recover the benefits due her. The court said:
“The theory upon which the workmen’s compensation legislation is founded is that compensation for injuries received in the course of employment is due only to the injured employee and to certain designated dependents in case of his death from injury .
“The relief is purely statutory and is solely for the benefit of and personal to the injured employee or his dependents. Under the terms of the statute, only the employee or his dependents have the right to enforce the liability for compensation imposed by law upon the employer. If the employee be a married woman, as is the case before us, the right to compensation is personal to her. It is a property right belonging to her, for which she alone, during her lifetime, may sue to recover.”
Applying that rule to the instant suit, we find that the right of defendant Glynn E. Holmes to claim compensation benefits from his employer’s insurer, Royal Indemnity Company, is personal to him. His wife, whether judicially separated from him or not, has no right to enforce payment of those benefits. Since she has no right to sue Royal Indemnity Company for such benefits, we think she has no right of action against that defendant for a declaratory judgment decreeing her to be the owner of an interest in the compensation benefits which may be .due her husband.
We conclude that there was no error in the judgment of the trial court rendered on June, 1972, sustaining the exception of no right of action filed by Royal Indemnity Company.
We turn now to the issues raised in the second appeal, that is, the appeal from the judgment rendered on September 28, 1972. Our review of the record convinces us that a justiciable controversy does not exist between plaintiff and her husband sufficient to warrant the rendering of the declaratory judgment which is sought here.
Our Supreme Court said in Tugwell v. Members of Board of Highways, 228 La. 662, 83 So.2d 893 (1955), that:
“In order for courts to entertain an action for declaratory relief, however, it is well settled in other jurisdictions that there must be a justiciable controversy, and the question presented for judicial decision must be real and not theoretical, as courts do not give advisory opinions upon abstract questions. Therefore a declaratory action generally cannot be maintained unless it involves some specific adversary question or controversy asserted by interested parties and based on an existing state of facts, and a declaration of rights must be refused if the issue presented to the court is academic, theoretical, or based upon a contingency which may or may not arise." (Empha-' sis added).
In Abbott v. Parker, 259 La. 279, 249 So.2d 908 (1971), the court defined “justi-ciable controversy” as follows:
“A ‘justiciable controversy’ connotes, in the present sense, an existing actual *581 and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to zvarrant the issuance of a declaratory judgment.” (Emphasis added).
In the instant suit plaintiff has alleged that compensation benefits are owed to her husband. The employer, or its insurer, has not admitted any liability at all to defendant Holmes, and we have held that Holmes himself is the only person who can enforce payment of the benefits which may be due. The record does not indicate that he has ever filed a suit against Royal Indemnity, or that he has taken any other steps to recover compensation benefits. Insofar as the record shows, no judgment has ever been rendered condemning Royal Indemnity to pay compensation benefits to Holmes, and no deposit of funds representing compensation payments due him has ever been made.
If a declaratory judgment should be rendered in this case, as sought by plaintiff, such a judgment would be of no effect unless Holmes’ employer, or its insurer, voluntarily makes compensation payments to him because of the injury which he sustained on April 22, 1969, or unless Holmes in his discretion seeks to enforce such payments and is successful in doing so. Plaintiff. is demanding a declaratory judgment, therefore, which is based on a contingency which may or may not arise. If either of the last mentioned contingencies does not arise, then the judgment which may be rendered here would be merely theoretical or advisory on an abstract question of law. It would not settle any existing, actual and substantial dispute between the parties. We feel, therefore, that the dispute alleged in plaintiff’s petition is not of sufficient reality or substance to warrant the rendering of a declaratory judgment.
For these reasons, we conclude that the judgment of the trial court rendered on September 28, 1972, dismissing plaintiff’s suit as to Glynn E. Holmes, is correct and should be affirmed.
In view of our conclusion that this is not an appropriate case for the rendering of a declaratory judgment, it is unnecessary for us to consider the question presented on the merits as to whether plaintiff has a community interest in any additional compensation payments which may be due her husband. We thus express no opinion on that question.
The judgment rendered by the trial court on June 26, 1972, sustaining the exception of no right of action filed by Royal Indemnity Company and dismissing the suit as to that defendant, is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.