399 So.2d 806 (1981)
PHYSICIANS AND SURGEONS HOSPITAL, INC., Plaintiff-Appellee,
v.
Simon LEONE, Jr. and Carolyn M. Leone, Defendants-Appellants.
No. 8261.
Court of Appeal of Louisiana, Third Circuit.
May 27, 1981.
Writ Denied July 2, 1981.
Thomas & Dunahoe, G. F. Thomas, Jr., Natchitoches, for defendants-appellants.
Mayer, Smith & Roberts, George J. Allen, Jr., Shreveport, for defendant-appellee.
David Paul Wilson, Shreveport, for plaintiff-appellee.
*807 Before CULPEPPER, DOMENGEAUX and LABORDE, JJ.
LABORDE, Judge.
Employee, Carolyn M. Leone, and her husband, Simon, seek recovery of damages for emotional and mental anguish from Houston General Insurance Company (Houston General), the compensation insurer of Carolyn Leone's employer. Houston General filed exceptions of no cause of action to the demands of the Leone's. The trial court rendered judgment, sustaining the exception as to Carolyn's claim and overruling the exception as to Simon's claim. Carolyn and Simon appeal the trial court's sustaining and dismissal of Carolyn's claim. Houston General answers the appeal and urges trial court error in overruling its exception as to Simon. On appeal, the principle issues focus upon whether an employee or her spouse may proceed in tort against an employer's compensation insurer. We hold that the compensation remedy is exclusively for and personal to the employee, here Carolyn. Thus, Simon has no action against Houston General, the compensation insurer of his wife's employer. We also hold that Carolyn's remedy against Houston General falls exclusively under the Workmen's Compensation Act or stated another way Houston General enjoys the employer's right of immunity under the Act. Hence, Carolyn's tort claims fail to state a cause of action against Houston General.
This lawsuit began as one on an open account filed by Physicians and Surgeons Hospital, Inc. against Carolyn and Simon Leone and in which the hospital sought payment of medical and hospital bills due for services it rendered on Carolyn's behalf. Alleging that these unpaid bills were the result of an employment-related injury, Carolyn and Simon filed a third party petition against Houston General, the compensation insurer of Carolyn's employer. In addition to seeking indemnity, the Leone's also sought damages for their emotional and mental anguish they claim resulted from Houston General's failure and refusal to pay for the medical expenses ultimately resulting in their being named as defendants in the suit on open account.
We begin with the issue of whether Simon may sue Houston General.
In Holmes v. Holmes, 270 So.2d 578 (La. App. 3rd Cir. 1972), this Court stated:
"The law is settled that the benefits provided by the Workmen's Compensation Act are due only to the injured employee, or to certain designated dependents in case of his death from injury. The relief granted is personal to the injured employee when his injury does not result in death, and in such a case he alone has the right to enforce the payment of compensation benefits by his employer or the latter's insurer. Brownfield v. Southern Amusement Company, 196 La. 73, 198 So. 656 (1940); Atchison v. May, 201 La. 1003, 10 So.2d 785 (1942); Colorado v. Johnson Iron Works, 146 La. 68, 83 So. 381 (1919); State v. Rapides Parish School Board, 227 La. 290, 79 So.2d 312 (1955)."
Quoting from Brownfield v. Southern Amusement Company, 196 La. 74, 198 So. 656 (1940), the court added:
"The theory upon which the workmen's compensation legislation is founded is that compensation for injuries received in the course of employment is due only to the injured employee and to certain designated dependents in case of his death from injury ...
"The relief is purely statutory and is solely for the benefit of and personal to the injured employee or his dependents. Under the terms of the statute, only the employee or his dependents have the right to enforce the liability for compensation imposed by law upon the employer. If the employee be a married woman, as is the case before us, the right to compensation is personal to her. It is a property right belonging to her, for which she alone, during her lifetime, may sue to recover."
Applying this principle to the facts of the instant case, we conclude that any duty which Houston General may owe, it owes solely to Carolyn as the injured employee *808 within the meaning of the Act. Stated conversely, Houston General owes no duty to Simon who is the spouse of an injured employee. Hence, we hold that the trial court erred in overruling the exception of no cause of action filed by Houston General, as to the claim by Simon.
We turn now to the issue of whether an injured employee covered by the Act may proceed in tort against her employer's compensation insurer or whether, as Houston General contends, the exclusiveness of the remedy afforded employers under the Act extends to the employer's compensation insurer.
While this issue appears to raise a question not yet faced by our courts, we feel ample authority exists under the Act to hold a compensation insurer of the employer immune from a tort proceeding. LSA-R.S. 23:1032 establishes that "The rights and remedies herein granted to an employee... under this Chapter, shall be exclusive of all other rights and remedies of such employee ... against his employer ..." LSA-R.S. 23:1162(D) specifically subrogates the compensation insurer "to all rights and actions which the employer is entitled to" under the Act. We conclude that this is an expression of legislative intent that the insurer be permitted to raise the defense of immunity which the employer could raise; reasoning this is a right of the employer. Hence, we hold that the trial court was correct in sustaining the exception of no cause of action filed by Houston General and dismissing Carolyn Leone's tort claims for emotional and mental anguish.
For the above reasons, the judgment overruling Houston General's exception of no cause of action filed against Simon Leone's claims is hereby reversed and set aside. It is now ordered that the exception be sustained and Simon Leone's claims against Houston General be dismissed. In all other respects the judgment appealed from is affirmed. All costs to date are assessed against Carolyn and Simon Leone.
AFFIRMED IN PART, REVERSED IN PART, AND RENDERED.