WILLIAMS *et al. v.* TOWN OF

MORRISTOWN *et al.*

(*Knoxville*, September Term, 1948.)

(May Session, 1949.)

Opinion filed July 9, 1949.

HODGES & DOUGHTY, of Knoxville, for complainants.

S. F. DYE, of Knoxville, E. R. TAYLOR, of Morristown, for defendants.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

James D. Williams, as administrator of the estate of nine year old Barbara Jean Williams, and H. S. Williams, as administrator of the estate of Margaret Louise Williams, an adult, were each awarded a verdict for $2500 against the Town of Morristown, its Board of Electric Light and Waterworks Commissioners by·a jury of the Circuit Court of Hamblen County, the two cases being jointly tried. Upon that verdict the Circuit Court in each case entered a judgment that the administrator "have and recover of the defendant the sum of $2500.00, and the costs of this cause". The motion of the Town of Morristown for a new trial and for a directed verdict was thereafter sustained by the trial judge, and a judgment of dismissal of each case entered.

Each administrator appealed in error to the Court of Appeals. That Court reversed the judgment of the Circuit Court and remanded each case for a new trial.

The Town of Morristown accordingly filed here its petition for *certiorari* in each case. Each of these petitions has this day been denied without the filing of a memo for the reason that this Court concurs in the reasoning and conclusions stated in the very excellent opinion of the Court of Appeals. —Tenn. App.—, 222 S. W. (2d) 607. It will, however, be necessary to modify the

opinion upon a question raised by the petition to rehear and this opinion deals with this question alone.

Within the proper time after the Court of Appeals had rendered its aforesaid opinion and thereafter ordered the case to be remanded, a petition to rehear was filed by both administrators, and joined in by the Town of Morristown. The position taken in that petition to rehear was that if the Circuit Court had erred in its conclusions of law, as held by the Court of Appeals, then the proper course for the Court of Appeals to take is to enter judgment against the Town of Morristown in each case for the amount awarded by the jury instead of remanding the case for a new trial.

The prayer of this petition to rehear joined in by all the parties is this: "Wherefore, all parties to this litigation, the plaintiff-in-error and the respective defendants-in-error, petition the Court to modify its opinion and judgment based thereon, in and to the extent of entering judgment in this Court in favor of the respective defendants-in-error, of $2500.00, with interest from the date of the judgment below, and costs; this in lieu of the judgment for remand."

As a matter of course, such modification of the judgment of the Court of Appeals would not have prejudiced the right of the Town of Morristown to insist by petition for *certiorari*, as it has, that the Court of Appeals, in reversing the judgment of the Circuit Court, erred in its conclusions as to the law.

The administrator of each of the estates mentioned has filed its petition for *certiorari*. The only point made is that the Court of Appeals erred in not entering a judgment of $2500 in each case instead of remanding each case for a new trial. The petitions ask that this Court

take jurisdiction for that purpose, if the petitions for *certiorari* of the Town of Morristown should be denied, as they have this day been denied.

While the petitions for *certiorari* of the Town of Morristown do not assign as error the action of the Court in refusing to enter a judgment of $2500 instead of remanding the case, nevertheless, the concluding statement of each of these petitions, after insisting that the Court of Appeals was in error as to its conclusions of law, is this:

"We desire to point out, further, that all parties, in each of the cases, filed a joint petition to rehear in the Court of Appeals, asking that Court to hold that, if it disagreed with the trial Judge on the question of liability, the sole effect thereof would be to reinstate the verdicts of the jury. And we further invite the Court's attention to the fact that plaintiffs, in each of these cases, have filed petition for *certiorari* to this Court upon this question, seeking to have the verdicts of the jury reinstated and to reverse the Court of Appeals in remanding the cases for a new trial upon their merits.

"We respectfully insist that the action of the trial court should in all things be affirmed. However, if this Court should not so hold, then we respectfully submit that the relief prayed for by plaintiffs in their petition for *certiorari*, insofar as this question is concerned, should be granted."

The learned Court of Appeals denied the petition to rehear on the ground that to enter such judgment instead of remanding the case for a new trial would intrude upon the right of the trial judge to decide that the evidence preponderates in favor of the defendant, if the trial judge felt that way about it. It is our thought that

in so holding, the Court of Appeals overlooked the fact that all parties, plaintiffs and defendant, were consenting to the entry of a money judgment in each case in the amount of $2500 (the jury verdict), conditioned, of course, upon that Court holding, as it did, that the Town of Morristown was in error as to its insistence on each of the various propositions of law urged upon the Court.

This Court is not aware of any reason why the appellate court, having jurisdiction of the case, may not enter a judgment for the amount found by the verdict of the jury when all parties to the litigation are not only consenting thereto but petitioning such Court to do so. In this situation no rule of law or practice would be violated, and the interest of the State is the better served in that it tends to more quickly end the litigation, in accordance with the wishes of all litigants. Under these circumstances we are of the opinion that the Court of Appeals erred in not so entering judgment in lieu of a remand, all parties having requested it.

Since each administrator has assigned this refusal of the Court to enter such judgment as error, and since we think it was error, and because the Town of Morristown is agreeing that it was error and consenting to the entry of a decree here in lieu of a remand of the case for a new trial, if we deny its petitions for *certiorari*, as we have, it results that the petition of each administrator for writ of *certiorari* is granted for the purpose of rendering judgment in the amount awarded by the jury, as is here agreed to by the parties.

Accordingly, the decree of the Court of Appeals is modified, but only to the extent of setting aside so much thereof as remands the causes for a new trial. A judgment will be entered in this Court in favor of each ad-

ministrator in the principal sum of $2500 with interest from the date of the judgment in the Circuit Court awarding each of such administrators this amount of damages. The Town of Morristown and its Board of Electric Light and Waterworks Commissioners, as such, will pay all costs in all Courts.

All concur.