271 P.2d 831

DAY

v.

PENITENTIARY OF NEW MEXICO.

No. 5760.

Supreme Court of New Mexico.

June 14, 1954.

H. A. Kiker and Henry A. Kiker, Jr., Santa Fe, for appellant.

Richard H. Robinson, Atty. Gen., Fred M. Standley, C. C. McCulloh, Asst. Attys. Gen., for appellee.

COMPTON, Justice.

Appellant, claimant below, brought this action against The Penitentiary of New Mexico for compensation under the Workmen's Compensation Act and from a judgment dismissing the complaint, he appeals. The parties stipulated as to the facts found by the court, leaving for determination a single legal question, whether the state has consented to the suit.

On November 20, 1950, while claimant was performing guard duty at the Penitentiary of New Mexico, a riot occurred among the prisoners during which the prisoners assaulted claimant, seriously injuring him. As a result of his injuries claimant was disabled to the extent of 60% of total disability. Appellee took no step to comply with the Act, hence there was no insurance carrier. Nor did appellee file a notice in writing of its election not to accept the provisions of the Act. Upon the foregoing fact, the court concluded that it was without jurisdiction in the matter since the action was one against the State of New Mexico to which the state had not consented, and dismissed the proceedings.

 Appellant concedes the state cannot be sued without its consent, but contends that § 45–101, 1941 Comp., and the Workmen's Compensation Statutes, § 57–901 to § 57–931, 1941 Comp., taken together, constitute a consent by the state to be sued in a Workmen's Compensation proceeding involving the state penitentiary. This argument is without force as the statutes clearly are unrelated. The former deals with corporate powers, while the latter statutes are sui generis and exclusive. The rights and remedies provided thereby are in derogation of the common law and consent must be found in the Act itself. Hathaway v. New Mexico State Police, 57 N.M. 747, 263 P.2d 690; Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014; Hudson v. Herschbach Drilling Co., 46 N.M. 330, 128 P.2d 1044; Guthrie v. Threlkeld Co., 52 N.M. 93, 192 P.2d 307; Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000; Sorenson v. Six Companies, Inc., 53 Ariz. 83, 85 P.2d 980; Brownfield v. Southern Amusement Co., 196 La. 73, 198 So. 656.

The penitentiary was given corporate powers by § 45–101, 1941 Comp., which reads:

"The general government and management of the penitentiary shall be vested in five (5) commissioners, who shall be appointed by the governor as in the constitution provided, and the governor shall have power at any time to remove any of said commissioners and appoint their successors. Said commissioners, and their successors in office, shall constitute a body corporate under the name and style of 'The Penitentiary of New Mexico,' and said cor-

*poration shall have the right as such to sue and be sued,* to contract and be contracted with, to buy, own, hold, manage, lease, sell and otherwise handle and dispose of all such real, personal and mixed property as in the judgment of the commissioners may be necessary and proper for the operation and management of the penitentiary, including the right to acquire, maintain and operate any necessary farm, or farms, at such places in this state as the commissioners shall designate." (Emphasis ours.)

■ The Workmen's Compensation Act, § 57–902, enumerates the employers who do or may come within the provision of the Act, "the state and each county, city, town, school district, drainage, irrigation or conservancy district, and public institution and administrative board thereof * * *" and by § 57–910, all guards employed by the penitentiary are deemed to be within the provisions of the Act. By § 57–904 of the Act, every employer employing as many as four or more persons, is conclusively presumed to have accepted the provisions of the Act unless he has filed with the clerk of the district court a notice in writing that he elects not to accept its provisions. But we do not find in the Act express consent by the state to be sued, absent which the court was without jurisdiction to entertain the suit.

These statutes have been before this court and the question posed has been settled adversely to appellant.

In Vigil v. Penitentiary of New Mexico, supra [52 N.M. 224, 195 P.2d 1016], we said:

"* * * the power conferred upon such public corporations as are under consideration, *'to sue and be sued,' is not a power to sue and be sued for any cause of action, whether in contract or tort, but to sue and be sued upon such matters only as are within the scope of the other corporate powers of such an institution,* * * *.

"We think any language in Locke v. Trustees, [of New Mexico Reform School], supra, [23 N.M. 487, 169 P. 304], or Dougherty v. Vidal, supra, [37 N.M. 256, 21 P.2d 90], to the effect or tending to hold that mere corporate status of a state agency is determinative of the question of whether a suit against it is a suit against the state is erroneous and is hereby disapproved and overruled.

"We also hold that the permission granted to such corporation to sue and be sued does not include the right to sue them in tort." (Emphasis ours.)

The question was recently treated in Hathaway v. New Mexico State Police, supra [57 N.M. 747, 263 P.2d 697]. The court on rehearing, reversed the judgment as to the state, in the following language:

"The claimant (appellee) resists the suggestion of amicus curiae that the judgment should be vacated in so far as it awards recovery against the state. His counsel make the contention that the state has in fact consented to be sued under the provisions of the Workmen's Compensation Act. *But we find in the act no express consent by the state to be sued and the consent is not to rest on implication.* Unquestionably, the suit as to the employer is one against the state." (Emphasis ours.)

Also see Parr v. New Mexico State Highway Department, 54 N.M. 126, 215 P.2d 602; New Mexico State Highway Department v. Bible, 38 N.M. 372, 34 P.2d 295.

The judgment should be affirmed, and It Is So Ordered.

McGHEE, C. J., and LUJAN and SEYMOUR, JJ., concur.

SADLER, J., absent from the state, did not participate.