**287 P.2d 237**

**Eubaldo ZAMORA, Claimant-Appellant,**
**v.**
**REGENTS OF THE UNIVERSITY OF NEW MEXICO, a body corporate, Defendant-Appellee.**

**No. 5930.**
Supreme Court of New Mexico.
Aug. 23, 1955.

Lorenzo A. Chavez, Arturo G. Ortega, Irving E. Moore, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, for appellee.

COMPTON, Chief Justice.

Appellant brought this action for workmen's compensation and from a judgment dismissing the action, he appeals. The decisive question is whether the State of New Mexico had consented to be sued.

On the 26th day of June, 1951, while appellant was employed by appellee as a motorcycle policeman, he sustained an injury arising out of and in the course of his employment. The trial court concluded, however, that it was without jurisdiction in the matter since the action was one against the State, to which the State had not consented, and dismissed the action.

The pertinent statute, § 73-25-4, 1953 Comp., reads:

"Corporate powers of board.—The regents of the university and their successors in office shall constitute a body corporate under the name and style of, the Regents of the University of New Mexico, with the right, as such, *of suing and being sued, or contracting and being contracted with,* of making and using a common seal and altering the same at pleasure."

(Emphasis ours.)

Appellant's contention is that the statute conferring power upon the board of regents to enter into contracts of employment, necessarily imposes upon such board a legal obligation to compensate financially for injuries sustained by their workmen in the course of their employment. He relies solely upon the term "of suing and being sued, or contracting and being contracted with," as support for his position.

The question has been settled adversely to appellant. Day v. Penitentiary, 58 N.M. 391, 271 P.2d 831. While that case was a workmen's compensation case against the State Penitentiary, there is no difference in principle. Both institutions are creatures of the New Mexico Constitution, Art. XIV, § 1 and Art. XII, § 11, and possess strikingly similar corporate powers. The language of § 42-1-1, 1953 Comp., relating to the powers of the Commissioners of the Penitentiary, "to sue and be sued, to contract and be contracted with", and the language appearing in § 73-25-4, supra, relating to the powers of the Board of Regents of the University, "of suing and being sued, or contracting and being contracted with", are essentially the same and are grants of power to sue and be sued only upon such matters as are within the scope of other corporate powers of such institutions. Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014. On the other hand, the Workmen's Compensation Act is in derogation of the common law, sui generis; and we find therein no express consent by the State to be sued.

In Day v. Penitentiary, supra, quoting from Hathaway v. New Mexico State Police, 57 N.M. 747, 263 P.2d 690, 697, we said:

"The claimant (appellee) resists the suggestion of amicus curiae that the

judgment should be vacated in so far as it awards recovery against the state. His counsel make the contention that the state has in fact consented to be sued under the provisions of the Workmen's Compensation Act. But we find in the act no express consent by the state to be sued and the consent is not to rest on implication. Unquestionably, the suit as to the employer is one against the state."

The judgment will be affirmed, and it is so ordered.

LUJAN, SADLER, and McGHEE, JJ., concur.

KIKER, J., not participating.