328 P.2d 78

Sheila **LIVINGSTON**, a minor, by and through her father and next friend, Howard E. Livingston, and Howard E. Livingston, individually, Plaintiffs-Appellants,

v.

The **REGENTS OF The NEW MEXICO COLLEGE OF AGRICULTURE AND MECHANIC ARTS**, a corporation, and Carlos Gallegos, Defendants-Appellees.

No. 6399.

Supreme Court of New Mexico.

July 21, 1958.

Frank O. Westerfield, Adams & Foley, Albuquerque, for appellants.

Keleher & McLeod, Russell Moore, Albuquerque, for appellees.

SHILLINGLAW, Justice.

The appellant, Sheila Livingston, who was the plaintiff below, was a student at the New Mexico College of Agriculture and Mechanic Arts. While in the college cafeteria on September 14, 1956, she was injured as a result of the alleged negligence of Carlos Gallegos, an employee of the defendant college. The student being a minor, this suit was instituted by Howard E. Livingston as her father and next friend, and individually, against the Regents of the New Mexico College of Agriculture and Mechanic Arts and against the said Carlos Gallegos.

The complaint set forth the injury and alleged damages suffered by the plaintiffs as a proximate result of defendants' negligence, and it then further alleged:

"The defendant, A & M Regents, at the time of said incident * * * carried liability insurance with the United States Fidelity and Guaranty Company, fully protecting said defend-

ant and insuring it against liability to plaintiffs, arising out of the facts herein alleged, up to and including the limits of the policy issued by said company, which policy was and, at all times material hereto, has been in full force and effect, Plaintiff does not know the limits of said policy and defendant, A & M Regents and its insurance carrier have failed and refused to disclose the same.

"By reason of the premises, plaintiff, Sheila Livingston, has been damaged in the amount of $50,000.00.".

and then prayed for relief as follows:

"Wherefore, plaintiff, Sheila Livingston, prays judgment against the defendants, jointly and severally, in the amount of $50,000.00, except as to the defendant, A & M Regents, in the event said liability insurance policy has limits of less than the amount prayed for under this complaint, plaintiff prays judgment only for an amount which * * * will equal said policy limits."

To this complaint the defendant Board of Regents filed a motion to dismiss, contending that the defendant Board was immune from suit.

The college was established by Art. XII, § 11 of our Constitution, and § 73–26–3, N.M.S.A.1953, provides that:

" * * * The management of said college * * * the care and preservation of all property, of which such institution shall become possessed, * * * the disbursement and expenditure of all moneys provided for by this act, shall be vested in a board of five [5] regents. Said five [5] regents shall possess the same qualifications as required for the regents of the University of New Mexico. Said regents * * * shall constitute a body corporate, with the name and style of (the) The Regents of the New Mexico College of Agriculture and Mechanic Arts, with the right as such of suing and being sued, of contracting and being contracted with * * *."

It was developed through interrogatories that the Board of Regents carried a comprehensive general liability insurance policy with the United States Fidelity and Guaranty Company, and that the policy included indemnity limits of $50,000 for each person and $250,000 for each accident.

■ We have a well established rule in this state that a state institution, as is the defendant Board of Regents in this case, is not subject to an action in damages for the negligence of its employees. Vigil v. Penitentiary of New Mexico, 52 N.M. 224, 195 P.2d 1014; see also Eyring v. Board of Regents of New Mexico Normal Univ. at Las Vegas, 59 N.M. 3, 277 P.2d 550; Lucero v. State Highway Dept., 55 N.M. 157, 228 P.2d 945; Dougherty v. Vidal, 37 N.M. 256, 21 P.2d 90.

The appellants recognize this rule but argue strenuously that a suit demanding judgment only to the extent that the state agency is protected by liability insurance does not violate the rule of immunity.

■ The sole question in dispute upon this appeal is whether or not the policy of insurance issued by United States Fidelity and Guaranty Company so affects the situation as to permit the present suit to proceed to judgment against the Regents, a judgment which would be entered merely for the purpose of fixing the amount of damages which the appellants would be entitled to collect from the insurance carrier under the terms of said policy. This precise question has never been before this court.

Appellants rely most heavily upon Thomas v. Broadlands Community Consol. School Dist., 348 Ill.App. 567, 109 N.E.2d 636; Tracy v. Davis, D.C.E.D.Ill., 123 F.Supp. 160; and Williams v. Town of Morristown, 32 Tenn.App. 274, 222 S.W.2d 607, modified, 189 Tenn. 124, 222 S.W.2d 615.

The Broadlands case held that an action in tort by a student injured on a playground would lie against the defendant school district inasmuch as the district carried liability insurance. While upholding the historical rule of sovereign immunity from suit, the Illinois court reasoned that liability insurance, to the extent that it protects public funds, removes the reason for such immunity.

Tracy v. Davis arose on a motion to dismiss a personal injury action as against a defendant school district for the reason that the district was immune from tort liability and the complaint made no allegation that the defendant school district had insurance or other means of paying the sought judgment without impairment of public funds. By analogy to an Illinois case involving a charitable corporation, the Illinois Federal District Court held that the immunity of the school district against dissipation of public funds in paying a tort judgment was no defense to suit. The court reasoned that the plaintiff should not individually suffer his loss where a judgment could be paid from other than public funds, and that the suit could proceed to judgment, which judgment could then only be satisfied from such other funds.

The Williams case, representing the so-called Tennessee rule, held that a municipal corporation could be held liable in damages in a negligence action even where the undertaking was of a governmental rather than proprietary nature, but that any judgment could be satisfied solely from insurance funds. Compare Barker v. City of Santa Fe, 47 N.M. 85, 136 P.2d 480.

As argued by appellees, however, the majority of the courts seem to hold contrary to the authorities relied upon by appellants.

Construing Maryland law, the Federal District Court sitting in that state held in

Jones v. Scofield Bros., 73 F.Supp. 395, that the fact that the State Roads Commission had procured liability insurance covering the operation of a ferryboat did not establish legislative permission for tort suits against the state agency. The existence of insurance taken out by a state agency not otherwise liable in tort suits was held insufficient to create tort liability without express legislative authority, even though counsel for the insurer participated in the defense of the case.

The Supreme Court of Pennsylvania held in Kesman v. School District of Fallowfield Tp., 345 Pa. 457, 29 A.2d 17, that a school district did not waive its immunity from liability for injuries to a pupil while a passenger on a school bus by protecting itself with insurance.

In Wallace v. Laurel County Board of Education, 287 Ky. 454, 153 S.W.2d 915, the plaintiff claimed damages for the death of his child who was struck and killed by a passing automobile after he had stepped from a bus operated by defendant board of education. After the trial court sustained the board's demurrer on the basis that it was immune from liability in performing a governmental function, the plaintiff submitted an amended complaint alleging that insurance coverage protected the board and that any judgment which might be obtained must be satisfied by the insurance company rather than by the school fund or by any money raised by taxation. A demurrer to this amended complaint was likewise sustained.

In Holland v. Western Airlines, D.C. Mont., 154 F.Supp. 457, 461, the plaintiff conceded municipal immunity from suit for injuries resulting from the operation of an airport but contended under the Tennessee rule that, by reason of the fact that the defendant city carried casualty insurance to protect it from liability for claims for personal injuries, the immunity was waived to the extent of the insurance coverage. The Federal District Court held under state law that Montana had never accepted the Tennessee minority rule. Quoting from Coldwater v. State Highway Commission, 118 Mont. 65, 162 P.2d 772, the court added:

"Should the people see fit they have the power, through the legislature, to consent that the state may be sued, and to determine under what circumstances the state and its agencies shall become answerable to the individual."

Texas has likewise held that insurance coverage, even when carried under statutory authority, does not waive immunity of the state and its agencies from liability for torts, without express legislative sanction. Texas Prison Board v. Cabeen, Tev.Civ. App., 159 S.W.2d 523.

In Hathaway v. New Mexico State Police, 57 N.M. 747, 263 P.2d 690; Day v. Penitentiary of New Mexico, 58 N.M. 391, 271 P.2d 831; and Zamora v. Regents of

the University of New Mexico, 60 N.M. 41, 287 P.2d 237, we held that our Workmen's Compensation Act did not contain an express consent by the state to be sued and that therefore no action would lie against the state by reason of that Act.

It is to be noted that in 1941 the legislature provided for the recovery of damages for the negligence of employees of this state in specific instances, and we are impressed by the manner in which this was done:

"The state board of finance is authorized to require all officials or the administrative heads of all departments to purchase and secure public liability and property damage insurance in such sums as they may deem advisable, protecting the state against property loss and the public against injury to property or persons because of the negligent operation of automobiles, trucks, trailers, tractors, graders or other motor vehicles by employees, agents or officials of the state, or any of its institutions, agencies or political subdivisions." (§ 64–25–8, N.M.S.A. 1953.)

"*No action shall be brought or entertained* in any court of this state *against the state or any of its institutions, agencies, or political subdivisions* for injury or damage caused by the operation of such vehicles, but the action for any such injury or damage shall be brought against the person operating such vehicle at the time of the injury or damage. Every policy of insurance upon such vehicles shall contain a provision that the defense of immunity from tort liability because the insured is a governmental agency or an employee of a governmental agency, or because the accident arose out of the performance of a governmental function, shall not be raised against any claim covered by such policy, Provided the claimant, or plaintiff in the event suit is instituted, shall file with the insured and the company issuing such policy of insurance a release in writing of any amount of such claim in excess of the limit stated in the policy, and a further statement that any such release shall not be construed as an admission of liability, nor may it be offered in evidence for any purpose, and that no attempt may be made in the trial of any case to suggest the existence of any insurance which covers in whole or in part any judgment or award in favor of the claimant." (§ 64–25–9, N.M.S.A.1953) (Emphasis ours.)

 We admit that the logic of appellants' argument might very well justify a change in the public policy of this jurisdiction. We feel, however, that the appellants'

argument should be addressed to the legislature and not to this court. In Dougherty v. Vidal, 37 N.M. 256, 21 P.2d 90, 93, this court said:

"* * * We are warned, however, that one branch of government may not safely or wisely carry its zeal for the rights of the citizen so far as to encroach upon the functions of a co-ordinate branch. * * * *The Legislature is no doubt as sensitive to injustice as the courts.* By unsound or specious reasoning we might arrive at rough justice in a particular case. More often we could do nothing. *It is better that all understand that the legislative responsibility is undivided.*" (Emphasis ours.)

Are we to say that the legislature should have expanded the provisions of the 1941 Act so as to have permitted recovery in an action such as this; and that the legislature having failed to do so, we will declare such to be the policy of this state?

To do this, we think, would usurp the functions of the legislative branch of our government. Dougherty v. Vidal, supra; Vigil v. State, 56 N.M. 411, 244 P.2d 1110.

We hold that a suit based upon tort against a state agency such as the Regents, demanding judgment only to the extent that such agency is protected by liability insurance, violates the rule of governmental immunity from suit. The order of the lower court dismissing the action as to the defendant Board of Regents is affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.