# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### SEPTEMBER 1999 SESSION



FILED

October 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 01C01-9811-CC-00467 |
| Appellant, | * | MONTGOMERY COUNTY |
| VS. | * | Honorable John H. Gasaway, III, Judge |
| **DERRICK JENKINS,** | * | (Sale of Controlled Substance--Cocaine) |
| Appellee. | * | |

FOR THE APPELLANT:

FRANK JASPER RUNYON, III
301 Main Street
Clarksville, TN 37040

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

KIM R. HELPER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

JOHN WESLEY CARNEY, JR.
District Attorney General

HELEN OWSLEY YOUNG
Assistant District Attorney
204 Franklin Street , Suite 200
Clarksville, TN 37040-3420

OPINION FILED: _____

**AFFIRMED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Derrick Jenkins, appeals a certified question of law. He pled guilty to two sales of over 0.5 grams of Schedule II controlled substance, cocaine. The Montgomery County Circuit Court sentenced him to two concurrent 15 year sentences. The defendant asserts that the Drug-Free School Zone Act, by which the trial court raised the classification for the offenses from Class B to Class A felony offenses, is unconstitutional. We disagree and AFFIRM the trial court's judgment.

## BACKGROUND

The defendant was indicted by the Montgomery County Grand Jury for ten counts involving the sale or delivery of over 0.5 grams of cocaine, occurring over five different days in early 1997. The defendant was indicted for one count of delivery and for one count of sale on each of the five days. Further, the defendant was indicted for one count of delivery and for one count of sale of over 26 grams of cocaine occurring on a specific date in July 1997. The indictments alleged that all the offenses occurred within 1,000 feet of a school zone, as defined by the School Zone Act.

The defendant faces higher penalties and mandatory minimum sentences of incarceration under the School Zone Act. His motion to dismiss the twelve indictments asserted that the School Zone Act is unconstitutional. The trial court denied the motion, and the defendant subsequently pled guilty to two counts constituting Class A felonies under the statute. As part of his plea agreement, the defendant reserved appeal on a certified question of law:

Whether Tenn. Code Ann. § 39-17-432 is unconstitutional as it:

(a) is vague, overbroad and does not put a person of reasonable intelligence on notice as to how to measure the distance between the offense locale and the school property;
(b) is violative of due process;

(c) is violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(d) is violative of Article I Section 8 of the Tennessee Constitution;

(e) is not a valid exercise of the police power;

(f) is violative of Article 1 Section 13 of the Tennessee Constitution.

(g) is violative of the Eighth Amendment of the United States Constitution.

## ANALYSIS

The pertinent provisions of the Drug-Free School Zone Act follow:

(a) It is the intent of this section to create Drug-Free School Zones for the purpose of providing all students in this state an environment in which they can learn without the distractions and dangers that are incident to the occurrence of drug activity in or around school facilities. The enhanced and mandatory minimum sentences required by this section for drug offenses occurring in a Drug-Free School Zone are necessary to serve as a deterrent to such unacceptable conduct.

(b) A violation of § 39-17-417, or a conspiracy to violate such section, that occurs on the grounds or facilities of any school or within one thousand feet (1,000') of the real property that comprises a public or private elementary school, middle school or secondary school shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(I) for such violation.

(c) Notwithstanding any other provision of law or the sentence imposed by the court to the contrary, a defendant sentenced for a violation of subsection (b) shall be required to serve at least the minimum sentence for such defendant's appropriate range of sentence. Any sentence reduction credits such defendant may be eligible for or earn shall not operate to permit or allow the release of such defendant prior to full service of such minimum sentence.

(d) Notwithstanding the sentence imposed by the court, the provisions of title 40, chapter 35, part 5, relative to release eligibility status and parole, shall not apply to or authorize the release of a defendant sentenced for a violation of subsection (b) prior to service of the entire minimum sentence for such defendant's appropriate range of sentence.

(e) Nothing in the provisions of title 41, chapter 1, part 5 shall give either the governor or the board of probation and parole the authority to release or cause the release of a defendant sentenced for a violation of subsection (b) prior to service of the entire minimum sentence for such defendant's appropriate sentence.

Tenn. Code Ann. § 39-17-432.

The defendant appeals a certified question of law under Tennessee Rule of Criminal Procedure 37(b)(2)(i):

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction: . . . (2) Upon a plea of guilty or nolo contendere if: (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case.

*Certified Question*

The trial court's order comprises (1) a statement of the certified question, sufficient to "clearly identify the scope and the limits of the legal issue reserved"; (2) consent to the appeal from the trial judge and from the state; and (3) accord from the trial judge the state on the dispositive nature of the question. State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988); see also Tenn. R. Crim. P. 37, advisory comm'n cmts [1997]. Further, this Court agrees that the certified question regarding per se constitutionality of the School Zone Act is dispositive. This appeal is properly before this Court.

*Due process*

The defendant asserts that the School Zone Act is unconstitutionally vague and violative of due process because it lacks an explicit mens rea requirement. The state responds that the Act requires no mens rea component because it merely enhances punishment for certain violations of the Tennessee Drug Control Act, see Tenn. Code Ann. § 39-17-401, et seq., and is not a separate offense statute. Both the defendant's and the state's briefs characterize the Act as an enhancement of the Drug Control Act. Generally, the courts are charged with upholding the constitutionality of statutes where possible. See State v. Joyner, 759 S.W.2d 422 (Tenn. Crim. App. 1987). In this case, we do not decide whether the General Assembly intended the School Zone Act to be a separate offense or an enhancement of punishment for violations of

-4-

the Drug Control Act. Such determination is unnecessary for our analysis; we uphold the constitutionality of the School Zone Act.

Assuming arguendo that the state legislature intended the Act to be an enhancement statute, we concur with the state's argument that such enhancement statutes do not require explicit mens rea language. See John J. Villaneuva v. Carlton, No. 03C01-9611-CR-00425 (Tenn. Crim. App. filed Oct. 3, 1997, at Knoxville)(The repealed habitual offender act, an analogous enhancement provision, was not invalid for lack of a mens rea requirement.).

Conversely, if the legislature intended this act as a separate offense statute, the absence of a specific mens rea requirement does not itself establish a constitutional violation. Instead, by Tennessee statute, a criminal statute lacking a specific mens rea impliedly requires at least a showing of recklessness for a valid conviction. See Tenn. Code Ann. § 39-11-301(c). Therefore, even if the School Zone Act is read as an offense statute, it is not constitutionally deficient in its lack of an explicit mens rea requirement but rather is presumed to require a showing of recklessness.[1]

The defendant also argues that the "misconduct" on behalf of the states' agents violated his due process rights. Specifically, he complains that the officers impermissibly lured him into the school zone so that the resultant penalties would be greater. As we interpret defendant's certified question as attacking only the facial constitutionality of the School Zone Act and not its constitutionality as applied, we find that this issue falls outside the scope of appeal. Further, we note that without any factual record, we, even if so inclined, could not review this claim.

---

[1] We do not make a determination of the defendant's mens rea in the instant convictions. Such a determination is not within the scope of the certified question. Further, this court is without any factual basis to make such determinations.

The defendant also asserts that the School Zone Act violates due process because it is unconstitutionally vague. He argues that a person of reasonable intelligence could not determine how to measure the distance between the transaction locale and the school property, should they wish to distinguish a violation of the Drug Control Act from a violation of the School Zone Act. We disagree with the defendant's conclusion. The statute puts a person on notice: If an offender commits certain violations of the Drug Control Act within 1,000 feet of the school or of the school grounds, the offender faces harsher penalties. We conclude that the reasonable reader would measure the enhanced penalty region from the perimeter of the grounds of a school, consistent with the statute's clear and unambiguous language, and not from some central point within the property. We concede that the defendant correctly states that a pedestrian, intending to violate the Drug Control Act but not the School Zone Act, would face some difficulty in measuring a location at least 1,001 feet from a school's property. However, that difficulty does not constitute a due process violation.

*Equal Protection Clause*

The defendant asserts that the School Zone Act violates equal protection[2] because (1) the state agents lured the defendant to the locale; (2) the statute is redundant; (3) the statute is under-inclusive; and (4) the statute is over-inclusive.

The assertion regarding the state agents' conduct is outside the scope of this review. We do, however, respond to the defendant's argument that the agents orchestrated the sales and deliveries to occur "late at night, earlier in the morning or when school was closed for the year, and thus no children were present," because that argument calls into question the intent and purpose of the School Zone Act. These considerations are pertinent for further analysis

---

[2] The Fourteenth Amendment to the United States Constitution and both Article I, § 8 and Article XI, § 8 of the Tennessee Constitution provide for equal protection under the law.

-6-

regarding the defendant's equal protection claim. The record contains no evidence regarding the presence or absence of children in relation to the instant drug transactions, but we disagree with the defendant's suggestion that the statute should be, as a constitutional matter, enforced only when children are actually attending school during the regular school year. Children frequent school grounds outside the traditional classroom hours. Playgrounds and basketball courts provide year-round entertainment for children. Schools facilities host various after-school clubs and activities. Further, many schools conduct summer classes. Accordingly, the instruments of transactions and subsequent use, such as needles and other paraphernalia, likely to be left at the school grounds present hazards and distractions to students at all times. The General Assembly articulated its intent to prescribe harsher penalties for drug offenses in the vicinity of schools, deterring these "distractions and dangers . . . incident to the occurrence of drug activity." Tenn. Code Ann. § 39-17-432(a).

Next, the defendant argues that the School Zone Act is impermissibly redundant with other restrictions against sales to minors. See Tenn. Code Ann. § 39-17-417(k).[3] This argument is incorrect. Unlike other restrictions, the legislative intent here is not simply the removal of children from drug sales and use but rather the removal of drug sales and use from schools and school children. We do not find this goal, when compared with the prior restrictions of the Drug Control Act, unconstitutionally redundant.

The defendant also argues that the School Zone Act is under-inclusive to the extent that it does not address playgrounds, parks, or other areas outside school grounds frequented by children. This defect, the defendant argues, renders the statute violative of equal protection. Standards of constitutional law

_____

[3] "A violation of this section or a conspiracy to violate this section where the recipient or the intended recipient of the controlled substance is under eighteen (18) years of age shall be punished one (1) classification higher than provided in [preceding subsections of the Drug Control Act]."

provide that legislation reasonably related to a legitimate goal, even legislation that falls short of addressing all sources of the proscribed problem, passes constitutional muster.  See United States v. Holland, 810 F.2d 1215, 1218-19 (D.C. Cir. 1987)(addressing a similar argument against the federal schoolyard statute.).

The defendant also argues that the School Zone Act is over-inclusive.  He questions, for instance, the applicability of the School Zone Act to drug transactions consummated by adults in homes falling within the statutorily prescribed area.  Therefore, he argues, the statute proscribes behavior outside its goals.  Again, however, we conclude that despite whatever incongruence the defendant perceives, the statute is plainly rationally related to the legitimate governmental purpose.  See id.  Even in defendant's proffered hypothetical, the concerns motivating the School Free Zone Act remain, and any drug traffic within school zones, even by adults within homes, presents the same dangers and distractions.  The habiting of the general area by users and dealers, the potential for violence and weapons, the threat of paraphernalia, and the daily proximity of children to the dealers are concerns reasonably and rationally addressed by the Act.

*Cruel and unusual punishment*

The defendant further asserts that the School Zone Act violates constitutional proscriptions against cruel and unusual punishment.[4]  He argues that the Act allows for cruel and unusual punishment because it provides for a 15 year day-for-day prison sentence for each conviction, a sentence which in his estimation is disproportionate.  For argument, he compares this sentence to

---

[4]   These proscriptions are stated by the Eighth Amendment and apply to the states through the Fourteenth Amendment of the United States Constitution and are also found in Article 1 § 13 of the Tennessee Constitution.

sentences for convictions of second degree murder, especially aggravated kidnaping, and others.

We are not convinced by the defendant's complaint or argument. As a threshold matter, mandatory sentences for narcotics offenses are not per se "cruel and unusual punishment." State v. Hinsley, 627 S.W.2d 351, 355 (Tenn. 1982). As we review sentences and proportionality, our legislature receives substantial judicial deference regarding its establishment of crimes and punishments, and, excepting capital offense appeals, challenges against that body's authority are rarely successful. See State v. Harris, 844 S.W.2d 601, 602 (Tenn. 1982). On review, a finding of "gross disproportionality" between the defendant's offenses and his punishment is necessary for further scrutiny; we do not find such disproportionality. See id. at 603.

The defendant also asserts that the Eighth Amendment's prohibition against cruel and unusual punishment is violated because the "statute does not clearly address any evils that were not already addressed." Our previous discussion of the alleged redundancy of the School Zone Act in relation to the Drug Control Act dispenses with this challenge.

The defendant next asserts that the statute imposes cruel and unusual punishment because the School Zone Act is overly broad in affecting others than those corrupting minors through narcotics offenses. We disagree. Again, the defendant construes the intent and purpose of the School Zone Act too restrictively. The School Zone Act seeks to deter transactions that impose the discussed risks in the defined areas and not merely to punish those selling to children. Those violators selling to only adults within the defined premises nevertheless contribute to these risks.

Finally, the defendant asserts that the statute was applied in a "capricious, luring, and a deliberate attempt to entrap drug seller/delivers [sic] under the umbrella statute." Even if this argument fell within the defendant's certified question of law, this court would be unable to review this claim. The defendant presents no supporting facts or argumentation.

**CONCLUSION**

We AFFIRM the trial court's judgment.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
DAVID H. WELLES, Judge