IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 29, 2020

## STATE OF TENNESSEE v. JENNIFER LANGLEY AND JAMES BROCE

**Appeal from the Criminal Court for Sullivan County**
**No. S67520    William K. Rogers, Judge**

————————————————————

### No. E2019-00723-CCA-R9-CD

————————————————————

In this consolidated, interlocutory appeal, we review the order of the trial court granting the motions of the defendants, Jennifer Langley and James Broce, to dismiss the drug-free zone enhancement alleged in their presentments. In reaching its conclusion, the trial court determined that the Mark Vance Memorial Greenway located in Sullivan County, Tennessee was not a public park and in turn, was not a designated drug-free zone under the Drug-Free School Zone Act. The trial court's finding rendered the enhancement provision of the Act inapplicable to the defendants' presentments. Upon our review, we conclude the trial court erred in dismissing the enhancement alleged in the presentments because the determination of whether the Mark Vance Memorial Greenway is a public park as contemplated by the Drug-Free School Zone Act is a question of fact to be decided by the finder of fact. Accordingly, we reverse the order of the trial court.

**Tenn. R. App. P. 9 Interlocutory Appeal; Judgment of the Criminal Court**
**Reversed; Case Remanded**

J. ROSS DYER, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and TIMOTHY L. EASTER, JJ., joined.

Daniel B. Minor, Kingsport, Tennessee, for the appellee, Jennifer Langley.

Cameron L. Hyder, Elizabethton, Tennessee (on appeal) and Kyle D. Vaughan, Kingsport, Tennessee (at the motion hearing), for the appellee, James Broce.

Herbert H. Slatery III, Attorney General and Reporter; Courtney N. Orr, Assistant Attorney General; Barry P. Staubus, District Attorney General; and P. Michael Filetti, Assistant District Attorney General, for the appellant, State of Tennessee.

## OPINION

## *Facts and Procedural History*

This consolidated appeal concerns the applicability of the enhancement provision of the Drug-Free School Zone Act of Tennessee Code Annotated section 39-17-432(b)(1) to the defendants' presentments.  In case number S67520, Jennifer Langley faces three counts each of the sale and delivery of oxycodone, a schedule II controlled substance, within 1,000 feet of a park.  Tenn. Code Ann. §§ 39-17-417, -432.  In case number S69024, James Broce faces one count each of the sale and delivery of 0.5 grams or more of methamphetamine, a schedule II controlled substance, within 1,000 feet of a park.  Tenn. Code Ann. §§ 39-17-417, -432, and -434.  In case number S67274, Broce also faces three counts of the sale of methamphetamine within 1,000 feet of a park, four counts of delivery of methamphetamine within 1,000 feet of a park, and one count of criminal conspiracy to possess over one-half gram of methamphetamine for sale or delivery within 1,000 feet of a park.[1]  Tenn. Code Ann. §§ 39-17-417, -432, and -434.  Each of the charged offenses are alleged to have occurred within 1,000 feet of the Mark Vance Memorial Greenway in Sullivan County, Tennessee.

The defendants separately filed pre-trial motions to dismiss the enhancement provision of the Drug-Free School Zone Act from their presentments.  Tenn. Code Ann. § 39-17-432 (2005).  In each motion, the defendants asked the trial court to take judicial notice of the preceding trial court's 2017 ruling in the bench trial of *State of Tennessee vs. Shaffer*, case number S63375, wherein the trial court, at the conclusion of the trial and as part of his factual determination as the trier of fact, determined that due to its length, the Mark Vance Memorial Greenway was not a park for purposes of the enhancement provision.  The State opposed the motions and instead, invited the trial court to rely on the definition of a park as contemplated by the Tennessee Court of Appeals in *Williams v. Town of Morristown*, which states: "The term 'park,' as now commonly understood in this country, means a piece of ground acquired by a city, town, or other public authority, for ornament, and as a place for the resort of the public for recreation and amusement."  222 S.W.2d 607, 610, *decree modified*, 222 S.W.2d 615 (1949) (quoting 39 Am. Jur. 803, §2).  The trial court, in the instant matter, conducted a joint, pre-trial evidentiary hearing where the parties presented argument and the trial transcript of *State v. Charles Shaffer* for the trial court's consideration.

At the *Shaffer* bench trial, the State offered testimony from Terry Napier, the Director of Parks and Recreation for the City of Bristol located in Sullivan County.  According to Mr. Napier, the Mark Vance Memorial Greenway, previously named the

---

[1] In case number S67274, Broce is also charged with sale of methamphetamine and maintaining a dwelling where controlled substances are sold.  Neither are pertinent to this appeal.

Cross Town Trail, is owned by the City of Bristol and maintained by the city's Parks and Recreation Department. Before the greenway was constructed, homes were built along the trail which served as a road for vehicles and carriages. The city built the greenway through state highway grants and city funds, and when it was originally created, the greenway was likely referred to as a linear park. Mr. Napier explained:

> The term "greenway" is probably a little newer. Past references, it would be referred to as a linear park. . . . A linear park. In other words, being a park that stretched out from Point A to Point B versus the typical rectangular, you know, park that you may have in the community.

Mr. Napier further defined a greenway as a "recreational area of length and typically connecting t[wo] points." He specified that the Mark Vance Memorial Greenway connects Steele Creek Park with the Wes Davis Greenway and downtown City of Bristol.

Mr. Napier explained the Mark Vance Memorial Greenway was adopted by the City of Bristol in resolution #05-1111 as a public facility to be used primarily for biking and walking. He described the dimensions of the greenway, as follows:

> The greenway actually starts . . . across from city hall. It crosses Volunteer Parkway by means of a crosswalk. At that point from 9th Street, it encompasses an alley. That alley leads to 17th Street. At 17th Street it -- it transitions to a sidewalk. It goes through about four blocks of either sidewalk or marked side-of-road to 24th Street. Once it gets to 24th Street it's actually a paved pathway beside [] the roadway that either exists on city property or property that we have received right-of-way for public recreation.

Though there are no signs labeling the greenway as a "park," signage throughout designates the greenway as a bicycle and pedestrian path. Trash cans that are serviced by the city, benches, and a drinking fountain also line the path.

Mr. Napier acknowledged a portion of the greenway, an alleyway, "was kept open for vehicular traffic" for the sole purpose of allowing ingress and egress for the surrounding homes and whose driveways can only be reached by the alleyway. Accordingly, those residents are "permitted to use the greenway for that access." Mr. Napier suggested that motor vehicle use in certain areas of the greenway did not disqualify it from being considered a park as vehicles are permitted in other parks.

The *Shaffer* defendant presented testimony from Kevin Cross of Cross Land Surveying and Planning who surveyed a portion of the Mark Vance Memorial Greenway.[2] In addition, Mr. Cross stated he frequently rode his bicycle on the greenway where he typically saw pedestrians but rarely children. Mr. Cross also indicated vehicles use portions of the greenway to access the homes located along the greenway as some of the homes' driveways can only be accessed from the alley. Finally, Mr. Cross stated portions of the greenway also run alongside roads used for vehicular travel.

After considering the proof and providing a lengthy explanation, the *Shaffer* court, as the trier of fact, determined the Mark Vance Memorial Greenway did not constitute a public park under the Act of Tennessee Code Annotate section 39-17-432. The *Shaffer* court reasoned it would be "a little bit extreme" to hold the greenway was a public park under the Act because the greenway was "a miles-long, publicly traveled street covering a great distance, [and] crossing a state highway." The *Shaffer* court noted that if the court ruled in favor of the State, it would be "calling a bike trail a public park," which it declined to do.

After considering the *Shaffer* transcript and the arguments of counsel in the present case, the trial court, relying upon *stare decisis*, ruled that the Mark Vance Memorial Greenway was not a public park under the Act and granted the defendants' motions. Consequently, the State filed motions for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure in each of the defendants' cases. The trial court granted the motions after determining the State met the requirements of Rule 9 based upon the need to prevent irreparable injury to the State's case, the need to avoid needless, protracted and expensive litigation, and the need to establish a uniform body of law.[3] Tenn. R. App. P. 9. The State then filed an application with this Court pursuant to Rule 9, seeking review of the trial court's order dismissing the drug-free zone enhancement alleged in the presentments. This Court granted the application, consolidated the defendants' cases, and this appeal followed.

***Analysis***

---

[2] Based on his testimony, it appears that Mr. Cross specifically surveyed a portion of the Mark Vance Memorial Greenway located "on 12th Street from approximately Shelby Street to an alley near Windsor Avenue." However, none of the exhibits, which included the survey plat, City of Bristol Resolution #05-111, photographs, and a computer printout of the Mark Vance Memorial Greenway website, introduced in *Shaffer* were made a part of the record on appeal.

[3] Regarding the need for uniformity, the trial court noted, "Sullivan County Criminal Court Judge James F. Goodwin has concluded that the Kingsport Greenbelt, another bike and pedestrian trail in Kingsport, Tennessee should be considered a park within the meaning of T.C.A. § 39-17-432."

On appeal, the State argues the trial court erred in dismissing the enhancement from the defendants' presentments after adopting the reasoning of the *Shaffer* court. The State points out that despite finding "the State had proven that the primary purpose of [the] Mark Vance Memorial Greenway was to provide recreation," the *Shaffer* court "held that due process concerns precluded it from applying the Drug-Free [School] Zone Act to offenses occurring within 1,000 feet of the [Mark Vance Memorial] Greenway because of the [g]reenway's length." The State asserts the trial court "improperly substituted its own policy judgment for that of the legislature" by relying on the *Shaffer* ruling. In contrast, the defendants assert the trial court properly determined that the Mark Vance Memorial Greenway was not a public park for purposes of the drug-free zone enhancement as "[t]he term, park, is not properly expanded beyond its plain and ordinary meaning to encompass a stand-alone greenway dedicated to the sole public service as a recreational biking and walking route." The defendants suggest that "parks and greenways are separate and distinct terms, each having their own descriptive meanings" and "[b]ecause greenways are not listed as entities protected by drug-free zones, enhanced sentencing cannot be based on the Drug-Free School Zone Act." The defendants further argue "the term, 'parks,' does not give fair notice that illegal drug transactions within 1,000 feet of a greenway can trigger enhanced sentencing." Upon our review of the statute at issue, we conclude the trial court erred in dismissing the drug-free zone enhancement from the defendants' presentments at the stage in which it did as the issue of whether the Mark Vance Memorial Greenway is a public park for purposes of the enhancement provision of the Drug-Free School Zone Act is a question of fact to be decided by the finder of fact. However, the procedural posture of this case requires a review of the initial question: whether a greenway constitutes a public park as contemplated by the Act. Upon our review, we conclude a greenway does constitute a public park, and thus, the factual question of whether a specific greenway qualifies under the statute should be submitted to the trier of fact.

This Court is called to review issues of statutory construction de novo with no presumption of correctness. *State v. Howard*, 504 S.W.3d 260, 267 (Tenn. 2016) (citing *State v. Dycus*, 456 S.W.3d 918, 924 (Tenn. 2015)). "The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Id.* at 269 (quoting *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995)). The intent of the legislature is determined "from the natural and ordinary meaning of the statutory language within the context of the entire statute without any forced or subtle construction that would extend or limit the statute's meaning." *State v. Flemming*, 19 S.W.3d 195, 197 (Tenn. 2000). "When the statutory language is clear and unambiguous, we apply the plain language in its normal and accepted use." *Boarman v. Jaynes*, 109 S.W.3d 286, 291 (Tenn. 2003) (citing *State v. Nelson*, 23 S.W.3d 270, 271 (Tenn. 2000)). "It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources." *In re Estate of Davis*, 308 S.W.3d 832, 837 (Tenn. 2010) (citing *Parks v. Tenn.*

*Mun. League Risk Mgmt. Pool*, 974 S.W.2d 677, 679 (Tenn. 1998)). "Our obligation is simply to enforce the written language." *Id.*

Here, the defendants were charged with numerous violations of Tennessee Code Annotated section 39-17-417 for actions alleged to have occurred within 1,000 feet of the Mark Vance Memorial Greenway. As a result, the enhancement provision of the Drug-Free School Zone Act was attached to each of the qualifying offenses alleged in the defendants' presentments. Tenn. Code Ann. § 39-17-432(b)(1). The Drug-Free School Zone Act states, in pertinent part:

> (a) It is the intent of this section to create drug-free zones for the purpose of providing vulnerable persons in this state an environment in which they can learn, play and enjoy themselves without the distractions and dangers that are incident to the occurrence of illegal drug activities. The enhanced and mandatory minimum sentences required by this section for drug offenses occurring in a drug-free zone are necessary to serve as a deterrent to such unacceptable conduct.

> (b)(1) A violation of § 39-17-417, or a conspiracy to violate the section, that occurs on the grounds or facilities of any school or within one thousand feet (1,000′) of the real property that comprises a public or private elementary school, middle school, secondary school, preschool, child care agency, or *public library, recreational center or park* shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation.

Tenn. Code Ann. § 39-17-432(a), (b)(1) (2005) (emphasis added).

The Drug-Free School Zone Act "does not create a separate criminal offense but 'merely imposes a harsher penalty for violations of Tenn[essee] Code Ann[otated section] 39-17-417 occurring within a [drug-free] zone.'" *State v. Cody Darand Marks*, No. M2018-00020-CCA-R3-CD, 2018 WL 6992553, at *5 (Tenn. Crim. App. Nov. 13, 2018), *perm. app. denied* (Mar. 28, 2019) (quoting *State v. Smith*, 48 S.W.3d 159, 168 (Tenn. Crim. App. 2000)); *see* T.C.A. § 39-17-432(b). "Therefore, 'proof that the drug crime was committed in a [drug-free] zone is not an essential element of the 39-17-417 offense.'" *Id.* (quoting *State v. Arturo Jaimes-Garcia*, No. M2009-00891-CCA-R3-CD, 2010 WL 5343286, at *18 (Tenn. Crim. App. Dec. 22, 2010), *perm. app. denied* (Tenn. May 31, 2011)). Rather, for violations of a 39-17-417 offense or conspiracy to violate the same, "the enhanced penalty is triggered if the jury determines beyond a reasonable doubt that [the violation] occurred in a drug[-]free zone." *Id.*; *see State v. Timothy Allen Johnson*, No. M2015-01160-CCA-R3-CD, 2016 WL 3435589, at *4 (Tenn. Crim. App. June 15, 2016) ("holding evidence sufficient to support conviction for sale within a school zone

when location where money was exchanged was within the school zone even though drugs were exchanged after defendant and undercover officer left that location"), *perm. app. denied* (Tenn. Oct. 19, 2016); *cf. Arturo Jaimes-Garcia*, 2010 WL 5343286, at *13 ("rejecting defendant's contention that conviction for conspiracy to sell 300 grams or more of cocaine in a drug free school zone required proof of an agreement to sell within a school zone and holding that enhanced penalty was triggered when defendant's overt act in furtherance of the conspiracy took him within 1,000 feet of a school").  The question presented in this appeal asks this Court to determine whether the Mark Vance Memorial Greenway is a public park and therefore, a designated drug-free zone, as contemplated by the Drug-Free School Zone Act of Tennessee Code Annotated section 39-17-432.  We decline to extend our ruling that far as the State is required to prove the enhancement provision of the Act applies to each case in which it is alleged.  However, because both parties as well as the trial court, seemed to fluctuate between the statutory construction question of whether a greenway can be a park and the factual question of whether the Mark Vance Memorial Greenway is a park, this opinion offers guidance on the legal question regarding the applicable definition of a public park within the context of the Act.

Looking to the natural and ordinary meaning of the statutory language, the enhancement provision specifically identifies public parks as drug-free zones.  Tenn. Code Ann. § 39-17-432(b)(1); *see* Tenn. Op. Atty. Gen. No. 07-059 ("The wording of the statute makes it clear that the General Assembly intended the Act to cover both public and private schools and child care agencies, but only public libraries, recreational centers and parks.").  The statute, however, does not define the term "public park."  "'When the legislature does not provide a specific definition for a statutory term, this [C]ourt may look to other sources, including *Black's Law Dictionary*, for guidance.'"  *State v. Welch*, 595 S.W.3d 615, 622 (Tenn. 2020) (quoting *State v. Ivey*, No. E2017-02278-CCA-R3-CD, 2018 WL 5279375, at *6 (Tenn. Crim. App. Oct. 23, 2018)).  In looking to other sources, "[t]he words contained in a statute must be given their ordinary and common meaning."  *Id.* at 623.

Black's Law Dictionary defines a park, in this context, as "[a] large open area usually with grass and trees, especially in a city or town, for public recreation."  Black's Law Dictionary (11th ed. 2019).  A park is defined by Merriam-Webster's Dictionary as "a piece of ground in or near a city or town kept for ornament and recreation."  Merriam-Webster Online Dictionary (2020) (www.merriamwebster.com).  As noted by the State, in *Williams v. Town of Morristown*, the Tennessee Court of Appeals considered the following definitions: (1) "A park is a pleasure ground set apart for recreation of the public, to promote its health and enjoyment[;]" and (2) "The term 'park,' as now commonly understood in this country, means a piece of ground acquired by a city, town, or other public authority, for ornament, and as a place for the resort of the public for recreation and amusement."  222 S.W.2d at 610 (internal quotations omitted).  Relying upon the definitions provided above, we agree with the State that a park need not be a specific shape

or size and that a linear park, such as a greenway, constitutes a public park as contemplated by the Act. *See generally State v. Lahiere-Hill, L.L.C.*, 278 S.W.3d 745, 748 (Tenn. Ct. App. 2008) and *City of Murfreesboro v. Worthington*, No. 01A01-9703-CV-00124, 1997 WL 772137, at *1 (Tenn. Ct. App. Dec. 17, 1997) (generally acknowledging the existence of linear parks in Tennessee). Until the legislature provides a definition for the term public park under the Act, a trial court should provide its jury with this definitional framework when the enhancement provision is alleged.

Upon reaching this conclusion, we must now address the *Shaffer* ruling upon which both the trial court and the defendants rely. The *Shaffer* court, as the trier of fact, determined the Mark Vance Memorial Greenway was not a public park under the Drug-Free School Zone Act due to its length. In support of our conclusion that the *Shaffer* court reviewed the question as a factual question for the jury or fact finder, we note the court made the following conclusion after discussing the proof present,

> And -- and using common sense, I have a reasonable doubt as to whether the State has proved beyond a reasonable doubt that the park described here could be considered the streets; could be construed to put people in jeopardy as a public park. And that's a requirement under the law for the enhancement purpose.
>
> . . .
>
> Now, for the reasons stated, and I know I didn't have to, I have an easy way out in these things, but I wanted to give the benefit of the -- for the record.[4] And we've got several other cases on the docket unrelated to this, whether it's a similar issue.
>
> Now, with my ruling, I'm finding the [d]efendant not guilty of the public park enhancement, so it won't go up on appeal.

Importantly, we again note, the *Shaffer* ruling was issued after a bench trial during which the trial court acted as the finder of fact. As such, the *Shaffer* ruling does not implicate the issues faced in the present appeal, and therefore, we are not persuaded by the same. Rather, we are constrained by the procedural posture of the case before this Court which indicates the trial court prematurely dismissed the enhancement provision of the

---

[4] As noted by the *Shaffer* court, a jury is not provided with the opportunity to explain its verdict. However, in a bench trial, where the trial court is acting as the jury or trier of fact, nothing precludes the trial court from explaining its verdict, which the *Shaffer* court did. Simply because the *Shaffer* court provided the reasoning behind its factual determination does not change the factual determination into a legal one.

- 8 -

Drug-Free School Zone Act from the defendants' presentments as the dismissal occurred prior to trial. *Cody Darand Marks*, No. M2018-00020-CCA-R3-CD, 2018 WL 6992553, at *5 (asserting "the enhanced penalty is triggered if the jury determines beyond a reasonable doubt that [the violation] occurred in a drug[-]free zone"); *see State v. Devin Torquin Watkins*, No. E2013-00420-CCA-R3-CD, 2014 WL 1329278, at *3 (Tenn. Crim. App. Apr. 3, 2014) (finding, in relation to this fact, the evidence sufficient to support convictions under the Drug-Free School Zone Act where a representative for the City of Knoxville Parks and Recreation Department identified the alleged park on a map as a City of Knoxville park). As noted above, it is the duty of the fact finder in each of the defendants' cases to determine whether the Mark Vance Memorial Greenway is a public park for purposes of the Drug-Free School Zone Act. Accordingly, we conclude the trial court erred by dismissing the enhancement provision from the defendants' presentments prior to trial.

In reaching this conclusion, we find the analysis similar to the other undefined terms within the statute. For example, the statute does not define the term "school." The statute had no requirement as to the size, shape, or look of a school building nor does it have a requirement as to the size, shape, or location of the property on which the building sits. While not all buildings are schools, these days school buildings can and do take on many non-traditional forms. For example, we have charter schools which take over old office buildings, strip malls, and even abandoned warehouses. Simply because a school may not look like a typical, storybook school building does not disqualify it from falling under the Act. Therefore, in order to apply the enhancement, the State is required to prove beyond a reasonable doubt that the building or space in question is a school. Thus, a park should legally not be limited by traditional thoughts of a rectangular space of certain dimensions, and whether a "space" qualifies as a park is a question for the trier of fact. We note the testimony presented in *Shaffer* and in the pre-trial hearing in the instant matter that the greenway is owned by the city, maintained by the city, is open to the public, and is used solely for the purpose of recreation and resort, is the type of proof one might present in order to resolve the factual question for the trier of fact.

In addition to their claim that the Mark Vance Memorial Greenway is not a public park, the defendants, still relying on *Shaffer*, allege a due process violation resulting from a defendants' lack of notice of the enhancement provision applying to their crimes if the miles-long trail was considered a park under the Act. This reasoning, however, is misplaced. Not only is notice provided by the statute itself, but also "[t]his Court has previously held that the Drug-Free School Zone Act is not overbroad or vague and, therefore, does not violate principles of due process guaranteed by the Fourteenth Amendment to the United States Constitution and article 1, section 8 of the Tennessee Constitution." *Arturo Jaimes-Garcia*, 2010 WL 5343286, at *21 (citing *Smith*, 48 S.W.3d at 159, 164-68; *State v. Jenkins*, 15 S.W.3d 914, 917-18 (Tenn. Crim. App. 1999)). The

2005 amendment to the Act, wherein the legislature added public parks to its list of drug-free zones, has also been held to be constitutional by this Court. *Id.* (citing *State v. Devon Wiggins,* No. W2007-01734-CCA-R3-CD, 2009 WL 1362323, at *7-8 (Tenn. Crim. App., Jackson, May 15, 2009), *perm. app. denied* (Tenn. Dec. 21, 2009). As a result, we conclude the trial court erred in relying on *Shaffer* and in prematurely dismissing the enhancement provision from the defendants' presentments. The State should be afforded the opportunity to present its case to the jury who can determine if the Mark Vance Memorial Greenway is a public park and a designated drug-free zone under Tennessee Code Annotated section 39-17-432(b)(1).

Moreover, our conclusion is consistent with this Court's prior review of the legislature's intent in passing the Drug-Free School Zone Act which was "not to create a new offense, but rather to create drug-free school zones by enhancing penalties for violations of Tenn[essee] Code Ann[otated] [section] 39-17-417 occurring inside the zones." *Smith*, 48 S.W.3d at 168. In *State v. Jenkins*, this Court reviewed several constitutional challenges to the Act for drug offenses committed within 1,000 feet of a school zone. 15 S.W.3d 914, 918-19 (Tenn. Crim. App. 1999). One such constitutional challenge included "the defendant's suggestion that the statute should be, as a constitutional matter, enforced only when children are actually attending school during the regular school year." *Id.* at 918. This Court rejected the equal protection challenge, noting the statute should be enforced against drug crimes committed outside regular school hours because:

> Children frequent school grounds outside the traditional classroom hours. Playgrounds and basketball courts provide year-round entertainment for children. Schools facilities host various after-school clubs and activities. Further, many schools conduct summer classes. Accordingly, the instruments of transactions and subsequent use, such as needles and other paraphernalia, likely to be left at the school grounds present hazards and distractions to students at all times. The General Assembly articulated its intent to prescribe harsher penalties for drug offenses in the vicinity of schools, deterring these "distractions and dangers . . . incident to the occurrence of drug activity." Tenn. Code Ann. § 39-17-432(a).

15 S.W.3d at 918. The *Jenkins* court also addressed a proffered hypothetical regarding "the applicability of the [Drug-Free] School Zone Act to drug transactions consummated by adults in homes falling within the statutorily prescribed area" and concluded "the concerns motivating the [Drug-Free] School Free Zone Act remain, and any drug traffic within school zones, even by adults within homes, presents the same dangers and distractions." *Jenkins*, 15 S.W.3d at 919. Thus, "[t]he habiting of the general area by users and dealers, the potential for violence and weapons, the threat of paraphernalia, and the

daily proximity of children to the dealers are concerns reasonably and rationally addressed by the Act." *Id.*

Applying this Court's prior reasoning to the present case, we conclude the legislature's intent under the Act is not altered as it relates to drug offenses committed within 1,000 feet of a public park, regardless of the park's length. Rather, the Drug-Free School Zone Act designates public parks as drug-free zones in order to allow vulnerable persons "an environment in which they can learn, play and enjoy themselves without the distractions and dangers that are incident to the occurrence of illegal drug activities." Tenn. Code Ann. § 39-17-432(a). The record supports our conclusion that a greenway can be a public park, and nothing in the statute indicates the legislature intended to limit the Act to public parks of only certain dimensions. Accordingly, the trial court erred in dismissing the enhancement alleged in the defendants' presentments, and the order of the trial court is reversed.

### *Conclusion*

After a thorough review of the record, this Court concludes that the trial court erred in granting the defendants' motions to dismiss the drug-free zone enhancement alleged in the presentments. The order of the trial court is reversed.

_____
J. ROSS DYER, JUDGE

- 11 -