IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 10, 2002

## STATE OF TENNESSEE v. ANTONIO RICO WALLS, aka RICO

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 39076     John H. Gasaway, III, Judge**

---

**No. M1998-00358-CCA-R3-CD - Filed June 20, 2002**

---

The defendant, Antonio Rico Walls, was convicted of the sale of over .5 grams of cocaine within 1000 feet of a school, in violation of the Drug-Free School Zone Act, and appealed the conviction. Subsequently, he pled guilty to three additional counts of the indictment alleging the same offense, and was sentenced to concurrent fifteen-year sentences for each offense. The pleas of guilty purported to reserve, as a certified question, the claim that the Drug-Free School Zone Act is unconstitutional. We conclude that it is not, and, further, that the evidence at the defendant's trial was sufficient to support his conviction. Accordingly, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOE G. RILEY and NORMA MCGEE OGLE, JJ., joined.

Roger Eric Nell, District Public Defender, and Collier W. Goodlett, Assistant Public Defender, for the appellant, Antonio Rico Walls.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Lance A. Baker, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**PROCEDURAL HISTORY**

We have been unable to divine exactly what was intended to be appealed in this matter. To explain, as best we can, the problem, we will set out the facts as gleaned from the record on appeal.

The defendant was charged, in indictment 39076, returned on August 4, 1997, with eight counts of violation of Tennessee Code Annotated section 39-17-417, the sale or delivery of over .5

grams of cocaine on four separate occasions, with the further allegations that the transactions occurred within 1000 feet of a school.

On May 5, 1998, defense counsel filed a motion to dismiss, arguing that the indictment against the defendant was "so vague, indistinct and indefinite as to mislead the Accused and embarrass him in the preparation of his defense and to expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense." Additionally, the motion claimed that the indictment, as well as Tennessee Code Annotated sections 39-17-417 and 39-17-432 failed to "define the terms 'public or private elementary school, middle school or secondary school,'" and that section 39-17-417 required a "knowing" violation.[1] The motion referred to a supporting memorandum which alleged that sections 39-17-417 and 39-17-432 were unconstitutional, vague, and overbroad and constituted cruel and unusual punishment. According to the brief, these statutes violate the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Article I, sections 8 and 9 of the Tennessee Constitution.

On June 12, 1998, a hearing was held on the defendant's motion. The hearing consisted of the arguments of counsel, with counsel for the defendant contending that the 1000-foot range was vague as to how it was to be measured and, apparently, that the punishment for a violation of the Act was cruel and unusual. The trial court, in its oral ruling at the conclusion of the hearing, disagreed that the statute was vague as to how the measurement was to be made or that the punishment was cruel and unusual.

The defendant was tried and convicted of count 1, sale of over .5 grams of cocaine within 1000 feet of a school. According to the transcript, the trial was held on September 22, 1998. The judgment for count 1, dated November 5, 1998, reflects that the trial court sentenced him to fifteen years. A motion for new trial was filed on November 10, 1998. An order overruling the motion for new trial was entered on March 24, 1999. A handwritten, *pro se* notice of appeal for this conviction is contained in the appellate record and recites that the defendant appealed the November 5, 1998, judgment of the court. That notice bears the circuit court clerk's date stamp of December 11, 1998. Subsequently, a notice of appeal, bearing the stamped date of March 18, 1999, was filed by counsel. That notice recites that appeal is being taken "from the final judgment entered in this action on the 11th of March, 1999." This second notice bears a typed docket number different from that of this case. However, that docket number was marked over, as was a second handwritten docket number which, also, is a different number from that assigned to this case. The third docket number on the notice is not marked out and is the number assigned to this case. Accordingly, we presume that the intent of that notice was to appeal the conviction from the jury trial, although it was filed before the trial court had entered the order overruling the motion for new trial.

Subsequently, the defendant entered pleas of guilty to counts 3, 5, and 7, receiving sentences of fifteen years in each count, with all sentences to be served concurrently. The judgments bear the

---

[1]We assume that, by this claim, the defendant was referring to the contention in his supporting memorandum that the State would have to plead and prove that he knew the transactions occurred within 1000 feet of a school.

handwritten date of April 23, 1999, and the circuit court clerk stamped date of "99 DEC-1 PM 1:04." As a "special condition," the judgments recite: "The Defendant reserves the right to take up the constitutionality of the Drug Free School Zone Act." An order accepting the pleas of guilty recites "certified question of law reserved pursuant to Rule 37(b)(2)(I), Tennessee Rules of Criminal Procedure."

The record on appeal also includes an order, signed on April 23, 1999, although bearing the court clerk's stamped date of April 30, 1999, stating that the trial court accepted the defendant's guilty pleas to counts 3, 5, and 7 of the indictment. The order, apparently created to set out the certified question, also contains the following language:

> With the consent of the Court and the consent of the District Attorney General, the Accused's plea explicitly reserves the right to appeal a certified question of law that is dispositive of the case, to-wit:
>
> That on the ___ day of _____, 19__, the Accused filed a motion [to] declare that T.C.A. § 39-17-432 was unconstitutional in that it is vague, overbroad, does not put a person of reasonable intelligence on notice as to how to measure the distance between the offense locale and the school property, is violative of due process, is violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I Section 8 of the Tennessee Constitution, the enforcement of T.C.A. § 39-17-417 and T.C.A. § 39-[17]-432 is not a valid exercise of the police power, and is violative [of] Article I, Section 13 of the Tennessee Constitution and the Eighth Amendment of the United States Constitution. That on the ___ day of _____, 19 __, the Court denied the motion finding T.C.A § 39-[17]-432 constitutional. The certified question concerns the constitutionality of [T.C.A.] § 39-17-432 on its face and as applied to this defendant.

Although the judgments reflecting the defendant's pleas of guilty to counts 3, 5, and 7 are contained in the appellate record, there is no notice of appeal for these judgments or presenting the certified question purported reserved for appeal. Therefore, the situation presented appears to be that the defendant filed an appeal as to count 1, for which he was tried and convicted, but did not appeal his pleas of guilty to counts 3, 5, and 7, which attempted to present a certified question to this court. His brief is directed solely to the certified question issue. Having made this observation, we now will consider the issues, as we see them.

## ANALYSIS

### I.  Certified Question

Although the State has not questioned whether the certified question is properly before this court, Tennessee Rule of Appellate Procedure 13(b) requires that we "shall" determine whether we have jurisdiction.  This court has jurisdiction of a matter upon the filing of a notice of appeal, which must be done within thirty days after entry of the judgment from which the appeal is being taken:

> **RULE 4.  APPEAL AS OF RIGHT:  TIME FOR FILING NOTICE OF APPEAL.**
>
> (a) Generally.  In an appeal as of right to the Supreme Court, Court of Appeals or Court of Criminal Appeals, the notice of appeal required by Rule 3 shall be filed with and received by the clerk of the trial court within 30 days after the date of entry of the judgment appealed from;  however, in all criminal cases the "notice of appeal" document is not jurisdictional and the filing of such document may be waived in the interest of justice.  The appropriate appellate court shall be the court that determines whether such a waiver is in the interest of justice.  Any party may serve notice of entry of an appealable judgment in the manner provided in Rule 20 for the service of papers.

As we have set out, the trial court's ruling on the motion to dismiss was not appealed. Therefore, the issue of whether the trial court erred is not properly before this court.  However, we will waive filing of a notice of appeal in the interest of justice.  Likewise, in order to reach a determination as to this matter, we will consider the certified question as properly before this court, although the better practice is for the judgment to incorporate by reference the document setting out the certified question, rather than, as occurred here, for the judgment simply to recite that a certified question is being reserved and, then, set out the question on another document in the record which may or may not have been executed the same day as the judgments of conviction referring to a certified question.  We note that the order setting out the question was signed by counsel for both sides, as well as the trial court, and recited that the certified question was dispositive.

During the pendency of this appeal, this court considered, via a certified question, and determined to be without merit, the identical constitutional attacks made by this defendant against the Drug-Free School Zone Act, including that the Act:

> (a)  is vague, overbroad and does not put a person of reasonable intelligence on notice as to how to measure the distance between the offense locale and the school property;

-4-

(b)  is violative of due process;

(c)  is violative of the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(d)  is violative of Article I Section 8 of the Tennessee Constitution;

(e)  is not a valid exercise of the police power;

(f)  is violative of Article I Section 13 of the Tennessee Constitution;

(g)  is violative of the Eighth Amendment of the United States Constitution.

State v. Jenkins, 15 S.W.3d 914, 916 (Tenn. Crim. App. 1999), perm. to appeal denied (Tenn. 2000).

Accordingly, we conclude that the claims presented by the defendant's certified question are without merit.

## II.  Direct Appeal

The defendant filed a timely motion for new trial, arguing that the evidence was insufficient to support the conviction under count 1 and that the trial court erred in sentencing him to fifteen years imprisonment.  The new trial motion was denied on March 11, 1999, with the order reflecting the denial being entered on March 24, 1999.  The defendant had filed a notice of appeal on March 18, 1999.  Subsequent orders of this court over the next period of months addressed the fact that, although the appellate record had been filed on December 8, 1999, a transcript of the sentencing hearing was not included in that record.  By order of March 5, 2001, this court advised defense counsel that the direct appeal of the conviction would proceed on the record then before the court, and ordered that defense counsel file his appellate brief.  Subsequently, that brief was filed, but it addresses the certified question rather than the defendant's conviction under count 1.  Since the record on appeal now contains the trial transcript, we will consider the defendant's direct appeal of his conviction under count 1.

The defendant was tried on count 1 of the indictment, which alleged that he sold over .5 grams of cocaine to an undercover agent on or about November 20, 1996, within 1000 feet of a school, in violation of Tennessee Code Annotated section 39-17-417.

Only three witnesses testified at the trial, all for the prosecution.

Maxey Gilleland, a special agent of the Tennessee Bureau of Investigation ("TBI"), testified that, on November 20, 1996, in Apartment A-15 of the Lincoln Homes housing project in Clarksville, while engaged in an undercover drug operation, he witnessed the defendant sell what

was supposed to be an ounce of crack cocaine to TBI Special Agent Charles Rountree. When weighed, in the presence of the defendant, the weight was less than one ounce, so the sale price was renegotiated from $1200 to $1000. The resident of the apartment, who was working for the TBI, tested the substance while the defendant was still in the apartment, but out of his presence, and determined that, according to the field test, the substance was cocaine. Agent Gilleland said that, at the time of the transaction, he knew the defendant as "Rico."

Agent Charles Rountree, testifying as the next witness, related how he had purchased crack cocaine from the defendant on November 20, 1996. He narrated a secretly recorded videotape of the transaction, as it was shown to the jury.

The final witness was TBI Special Agent Forensic Scientist William H. Stanton, Jr., who testified that he had received and weighed the substance purchased from the defendant, and determined that it weighed 22.8 grams. He tested the substance and determined that it was cocaine base, which is crack cocaine.

The State then rested its case, and the defense rested without presenting any evidence. After the jury had convicted the defendant of violating Tennessee Code Annotated section 39-17-417, the trial then proceeded as to whether the sale had occurred within 1000 feet of a school. Monroe Elliott, an employee of the Montgomery County Highway Department, testified that he was a registered land surveyor. Using a land plat, he testified that Apartment A-15 of the Lincoln Homes was 686.97 feet from the grounds of Burt Elementary School and 763.37 feet from the school building.

The State's second and last witness was Malyn Irene Gudgeon, the principal of Burt Elementary School, who testified that it was a public elementary school.

Following its deliberations, the jury determined that the drug sale had occurred within 1000 feet of a school. The defendant's bond was then revoked, and he was taken into custody.

In considering the sufficiency of the proof, we apply the familiar rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979). See also State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992); Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in

favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

In the trial of this matter, two TBI agents testified that the defendant had sold crack cocaine to one of them. A TBI forensic scientist then testified that the substance sold was crack cocaine weighing 22.8 grams. A surveyor, using a land plat, testified that the apartment where the sale had occurred was less than 1000 feet from a school, and the principal of the school testified that it was a public school.

The defendant was convicted on this proof, and there was no evidence to the contrary. Accordingly, we find that the evidence is sufficient to support the defendant's conviction.

In his motion for new trial, the defendant also argued that he was improperly sentenced. However, we have no explanation as to what was improper about the sentencing. We note that the defendant was sentenced to fifteen years, the minimum punishment for selling over .5 grams of cocaine within 1000 feet of a school. An appellant must make certain that the record includes all evidence relevant to the issues on appeal. Tenn. R. App. P. 24(b). "In the absence of an adequate record on appeal, this court must [conclusively] presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991); see State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). Accordingly, we conclude that the defendant was properly sentenced.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE