IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 5, 2005

## LABRYANT KING v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Montgomery County**
**Nos. 39051 and 41153      John H. Gasaway, III, Judge**

---

### No. M2004-01371-CCA-R3-PC - Filed June 1, 2005

---

The Defendant, LaBryant King, pled guilty in 1998 to one count of selling over .5 grams of cocaine within 1,000 feet of a school, a Class A felony. The Defendant agreed to be sentenced as a Range I offender to fifteen years. The Defendant subsequently filed for post-conviction relief raising challenges to his indictment, conviction and sentence. After a hearing the trial court denied relief, and this appeal followed. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and J. C. MCLIN, JJ., joined.

LaBryant King, Tiptonville, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; John Carney, District Attorney General; and C. Daniel Brollier, Assistant District Attorney General, for the appellee, State of Tennessee.

#### OPINION

The transcript of the Defendant's guilty plea, which was admitted at the Defendant's March 4, 2002, post-conviction hearing and made an exhibit thereto, contains the following recitation of facts in support of the Defendant's plea:

> [O]n the 8th day of January, 1997, the State would offer testimony by Agent Gilleland of the T.B.I. that he negotiated the purchase of twenty-two point five grams of crack cocaine for the amount of eleven hundred dollars with this defendant and another person. It was tested and tested positive, field tested that day and later sent to the T.B.I. and field tested positive. This transaction did occur in Apartment E-15

of Lincoln Homes -- A-15 of Lincoln Homes which was within a thousand feet of Burt School in Montgomery County.

In conjunction with making his plea, the Defendant attempted to reserve a certified question of law regarding the constitutionality of Tennessee Code Annotated section 39-17-432.[1] However, on direct appeal, this Court determined that the question had not been properly preserved and dismissed the appeal. See State v. Labryant King, No. 01C01-9811-CC-00456, 1999 WL 538492, at *1 (Tenn. Crim. App., Nashville, July 1, 1999).

The record before this Court is less than complete. The technical record does not contain the Defendant's original petition for post-conviction relief. It does, however, contain two amended petitions, both filed pro se. The trial court's written opinion disposing of the Defendant's claims for relief provides, "The Petitioner has stated through his counsel that he desired to proceed only as to the allegations contained in his last amendment . . . filed . . . on September 29, 2003." The record does not otherwise reflect this narrowing of the Defendant's issues.

The trial court framed the Defendant's issues in its written opinion as follows:
The Petitioner alleged that his sentence is illegal because he entered his plea to a Class B felony with a range of punishment of 8 to 12 years. The argument is that the trial judge had the ability to enhance the sentence to a Class A upon a showing of a preponderance of the evidence. Further the Petitioner alleged that the indictment was defective in failing to allege a violation of T.C.A. 39-17-432. Further the Petitioner alleged that the indictment failed to allege that the Petitioner possessed the cocaine with intent to sell it within 1000 feet of school. In other words that the within 1000 feet of the school required a mens rea of intent to sell. Further the Petitioner alleged a violation of Apprendi. Within this argument is the allegation that the day for day sentence violates the 1989 Act and deprives the Governor of his right to grant pardons. Finally the Petitioner argues that he was subject to selective prosecution because he did not receive an offer of settlement similar to a few other defendants charged in the same sting operation.

The trial court found no merit to any of these issues and accordingly denied the Defendant post-conviction relief.

---

[1] Tennessee Code Annotated section 39-17-432 is titled "Drug-Free School Zone - Enhanced criminal penalties for violations within zone." It provides, among other things, that a violation of Tennessee Code Annotated section 39-17-417, which illegalizes the sale of cocaine, "shall be punished one (1) classification higher" than is otherwise provided by section 39-17-417 where the sale is made within 1,000 feet of a school. See Tenn. Code Ann. § 39-17-432(b). Thus, because of the location at which the Defendant sold cocaine, he was convicted of an A felony instead of a B felony.

The only testimonial proof in support of the Defendant's claims that is included in the record before us is contained in a transcript titled "Partial PCR hearing" held on March 4, 2003.[2] At this hearing, the sole witness was the attorney who represented the Defendant in conjunction with his guilty plea ("Counsel"). Counsel testified about her investigation into the Defendant's case, the potential defenses she considered, and her concerns about whether the Defendant should testify. She explained that the Defendant determined to plead guilty when he became aware that he could reserve the issue concerning the constitutionality of the statute whereby his felony class was upgraded from a B to an A and his sentence thereby increased: Tennessee Code Annotated section 39-17-432. Also influencing the Defendant's decision was a videotape of his participation in the crime in which he was identifiable. Counsel also testified about her discussions with the Defendant about his sentence under section 39-17-432. She stated that the Defendant "wanted to plea to a B and go range two rather than plea to an A at a range one." The State, however, would not accept this plea.

The trial court issued its written opinion denying relief on the Defendant's post-conviction petition on May 5, 2004. The opinion references a hearing at which the Defendant made claims about selective prosecution, but the record before us does not include a transcript of that hearing.

In this direct appeal, the Defendant sets forth in his pro se brief eleven issues for our consideration:

I. Whether the post-conviction judge was constitutionally qualified and competent to preside.
II. Whether Appellant knowingly waived his right to a constitutionally qualified post-conviction judge.
III. Duty to inquire into known conflict.
IV. Whether the evidence of the record preponderates against the finding of the post-conviction court.
V. Whether the post-conviction court opinion conflict[s] with and misapprehends prior decisions, propositions of law and principles of law.
VI. Whether the trial court entered a void judgement (sic).
VII. Whether the trial court imposed a[n] illegal sentence.
VII. Whether the indictment is defective.
IX. Whether T.C.A. § 39-17-432 is violative of the Fifth, Sixth, and Fourtee[n]th Amendments of the United States Constitution and Apprendi.
X. Whether T.C.A. § 39-17-417 is a lesser included offense of T.C.A. § 39-17-432.
XI. Whether Appellant was deprived of his Fourteenth Amendment right to equal protection.

---

[2]This transcript has affixed to it a label designating it "Exhibit # 10 4/2/04." We are unable to discern, however, what proceeding was held on April 2, 2004, or for what purpose this transcript became an exhibit.

To sustain a petition for post-conviction relief, a defendant must prove his or her factual allegations by clear and convincing evidence at an evidentiary hearing. See Tenn. Code Ann. § 40-30-110(f); Momon v. State, 18 S.W.3d 152, 156 (Tenn. 1999). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. See Momon, 18 S.W.3d at 156; Henley v. State, 960 S.W.2d 572, 578-79 (Tenn. 1997). The trial judge's findings of fact on a petition for post-conviction relief are afforded the weight of a jury verdict and are conclusive on appeal unless the evidence preponderates against those findings. See Momon, 18 S.W.3d at 156; Henley, 960 S.W.2d at 578.

With respect to his first issue, the Defendant states in his brief that the post-conviction judge "was without authority or jurisdiction to render a judgment or preside in the instant case because of his incompetence and failure to obtain consent from the Appellant to preside." This Court takes judicial notice of the fact that the Hon. Michael R. Jones, the post-conviction trial judge in this case, had both the authority and the jurisdiction to render a judgment in this matter. The trial court did not need the Defendant's consent to preside over the post-conviction proceeding. Finally, the Defendant's allegations of "incompetence" are merely that and will not be countenanced by this Court in this proceeding.

The Defendant also contends that "upon appointing Asst. Public Defender Russell A. Church to his case[,] the Honorable Judge Jones possessed a duty to inquire into a conflict that existed between him and the Public Defender's Office." The record before us contains no proof of any such alleged conflict. Moreover, the Defendant has waived this issue by failing to file a motion to recuse. The Defendant is not entitled to relief on the basis of his allegations concerning the post-conviction trial judge.

The Defendant next contends that "the evidence of the record of the post-conviction proceedings preponderates against the finding of the post-conviction court." The majority of the post-conviction trial court's opinion deals with the legal issues raised by the Defendant, not factual issues. The only portion of the opinion that deals with factual issues is that resolving the Defendant's claim of selective prosecution. The opinion indicates that, "In the hearing, the Petitioner alleged that a female received favorable treatment by the state in plea negotiations." The trial court concluded, however, that the proof did not support this allegation.

The record before us does not include a transcript of the hearing to which the trial court was referring. Accordingly, we have no way of determining whether the proof adduced at that hearing preponderates against the trial court's findings on this issue. It is the appellant's duty to transmit a record permitting our review of the issues raised. See State v. Ballard, 855 S.W.2d 557, 560-61 (Tenn. 1993); Tenn. R. App. P. 24. When the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for our review, this Court may not consider the issue. See Ballard, Supra. Therefore, this issue is waived.

In his fifth issue on appeal, the Defendant questions the post-conviction trial court's conclusions of law. The Defendant raised legal challenges to his indictment and sentence, specifically concerning the constitutionality of Tennessee Code Annotated section 39-17-432 and whether Apprendi v. New Jersey, 530 U.S. 466 (2000), required certain language in his indictment. As to the Defendant's complaints about his indictment, it is not in the record before us.[3] Accordingly, we are precluded from analyzing the Defendant's issues regarding his indictment. As to the constitutionality of section 39-17-432, the trial court correctly noted that this Court has previously found that statute to pass constitutional muster. See State v. Smith, 48 S.W.3d 159 (Tenn. Crim. App. 2000); State v. Jenkins, 15 S.W.3d 914 (Tenn. Crim. App. 1999); State v. James David Lamor Perry, No. E1999-00271-CCA-R3-CD, 2000 WL 1246577, at *3-4 (Tenn. Crim. App., Knoxville, Sept. 5, 2000). This issue is without merit.

In his sixth issue, the Defendant alleges that his judgment of conviction is void. The Defendant bases this claim on the theory that his sentence is illegal. As set forth in more detail below, the Defendant's sentence is not illegal. Moreover, there is nothing in the record before us that indicates that the Defendant's judgment of conviction is void. The Defendant is therefore not entitled to relief on this basis.

In his seventh issue, the Defendant claims that his sentence is illegal as being outside the Range I sentence for a Class B felony. See Tenn. Code Ann. § 40-35-112(a)(2) (providing that the Range I sentence for a Class B felony is eight to twelve years). The Defendant pled guilty to selling over .5 grams of cocaine within 1,000 feet of a school. The sale of over .5 grams of cocaine is a Class B felony. See Tenn. Code Ann. § 39-17-417(c)(1). Because the sale was made within 1,000 feet of a school, the Defendant's offense "shall be punished one (1) classification higher than is provided in § 39-17-417(b)-(i) for such violation." Tenn. Code Ann. § 39-17-432(b). Accordingly, the Defendant was subject to being sentenced for a Class A felony. The Defendant knew that he was pleading guilty to a Class A felony at his guilty plea hearing. The Range I sentence for a Class A

_____

[3]The Defendant included what he purports to be a copy of his indictment in an Appendix to his brief. Documents attached to briefs are not cognizable as part of an appellate record. See State v. Matthews, 805 S.W.2d 776, 783-84 (Tenn. Crim. App. 1990). While our Rules of Appellate Procedure permit an appellant to file an appendix containing relevant portions of a record, see Tenn. R. App. P. 28, the documents must also be included in the record itself. See Matthews at 783-84 ("Rule 28, Tennessee Rules of Appellate Procedure, does not contemplate attaching a transcript of proceedings to a brief when the transcript has not been made a part of the record.") Moreover, assuming for the sake of argument that the document included in the Defendant's Appendix is an accurate copy of his indictment, the count to which the Defendant pled guilty provides that "the [Defendant] unlawfully, feloniously and knowingly did sell a controlled substance, to-wit: over .5 gms. of Cocaine, as classified in Section 39-17-408 of the Tennessee Code Annotated, to an undercover agent, within 1,000 feet of the real property that comprises a public or private elementary school, middle school or secondary school, in violation of TCA 39-17-417 and against the peace and dignity of the State of Tennessee." This Court has previously held that an indictment containing substantially similar language satisfies constitutional and statutory requirements. See Randall Edwin Cobb v. State, No. W2004-00156-CCA-R3-HC, 2005 WL 396379, at *2 (Tenn. Crim. App., Jackson, Feb. 18, 2005).

felony is fifteen to twenty-five years. See id. § 40-30-112(a)(1). The Defendant's sentence is not illegal.[4] This issue is without merit.

In his eighth issue, the Defendant argues that his indictment is constitutionally defective. The post-conviction court found that the Defendant's indictment is constitutionally valid. As set forth previously, the record before us does not contain a copy of the indictment. This issue is therefore waived.

In his ninth issue, the Defendant contends that Tennessee Code Annotated section 39-17-432 is unconstitutional. The Defendant is mistaken. See Smith, Jenkins, and Perry.

In issue number ten, the Defendant questions whether Tennessee Code Annotated section 39-17-417 is a lesser-included offense of section 39-17-432. It is not. Section 39-17-432 does not set forth a criminal offense, it simply provides for the enhancement of punishment upon the commission of particular offenses within particular geographic locations. See Smith, 48 S.W.3d at 167. Since section 39-17-432 does not create an offense, it cannot contain any lesser offenses. This issue is without merit.

Finally, the Defendant alleges that he was deprived of his Fourteenth Amendment equal protection rights because his prosecution was aimed at members of his race. There is no proof in the record to support this allegation and the Defendant is therefore entitled to no relief on this basis.

We affirm the judgment of the post-conviction trial court.

_____
DAVID H. WELLES, JUDGE

_____

[4]In addition to claiming that his sentence is illegal, the Defendant claims that his sentence was improperly enhanced under Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 124 S.Ct. 2531 (2004). We note that the Defendant received the minimum sentence in Range I for a Class A felony. His claims about improper enhancement are therefore without merit.