IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs December 5, 2017

## JERMAINE RASHAD CARPENTER v. TAMARA FORD, WARDEN

**Appeal from the Circuit Court for Hardeman County**
**No. CC-17-CR-103     Joe H. Walker, III, Judge**

_____

### No. W2017-01383-CCA-R3-HC

_____

The pro se Petitioner, Jermaine Rashad Carpenter, appeals the summary dismissal of his petition for writ of habeas corpus. Following our review, we affirm the dismissal of the petition.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and J. ROSS DYER, JJ., joined.

Jermaine Rashad Carpenter, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Robert W. Wilson, Assistant Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS and PROCEDURAL HISTORY

In 2004, a Sullivan County jury convicted the Petitioner in case number S47,268 of possession of cocaine with intent to sell, possession with intent to sell or deliver a Schedule III controlled substance, driving with his license suspended, and driving a motor vehicle without operational brake lights. See State v. Jermaine Rashad Carpenter, No. E2006-00775-CCA-R3-CD, 2007 WL 596425, at *1 (Tenn. Crim. App. Feb. 27, 2007); see also State v. Jermaine Carpenter, No. E2016-00450-CCA-R3-CD, 2016 WL 5416350, at *1 (Tenn. Crim. App. Sept. 28, 2016). The Petitioner pled guilty to other drug-related offenses in other pending cases and was sentenced by the trial court for all

the cases to an effective term of seventeen years in community corrections followed by four years of probation. The trial court later revoked the community corrections placement and ordered that the Petitioner serve his twenty-one-year sentence in confinement. Jermaine Carpenter, 2016 WL 5416350 at *1.

Also in 2014, the Petitioner was convicted by a Sullivan County jury in case number S51,080 with two counts of the sale and delivery of more than .5 grams of cocaine within 1000 feet of a school zone, a Class A felony, and simple possession of cocaine, a Class A misdemeanor, and was sentenced to an effective term of twenty-five years in the Department of Correction, to be served consecutively to his twenty-one-year effective sentence in the previous cases. His convictions and sentences were affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal. See State v. Jermaine Rashad Carpenter, No. E2007-02498-CCA-R3-CD, 2009 WL 331330, at *1 (Tenn. Crim. App. Feb. 11, 2009), perm. app. denied (Tenn. Aug. 17, 2009).

In 2015 and 2016, the Petitioner filed a Tennessee Rule of Criminal Procedure 36.1 motion and an amended motion in which he alleged, among other things: that the one hundred percent sentencing required by the Drug-Free School Zone Act contravenes Tennessee Code Annotated section 40-35-501, which enumerates the offenses for which there is no release eligibility; that the Drug-Free School Zone Act is unconstitutional; and that possession with intent to sell cocaine in a drug-free school zone is "'not an actual charge[.]'" Jermaine Carpenter, 2016 WL 5416350, at *2. The trial court summarily dismissed the motions for failure to state cognizable claims for Rule 36.1 relief, and the Petitioner appealed to this court. On appeal, he added as additional arguments that there was a fatal variance between the indictments and the proof and that the grand jury lacked the authority to charge him with a violation of the Drug-Free School Zone Act. Id. This court affirmed the judgment of the trial court, writing:

> The sentences imposed in both challenged cases were authorized by the Code at the time of the [Petitioner's] convictions. Challenges to the constitutionality and interpretation of sentencing statutes are not cognizable claims for relief under Rule 36.1. Similarly, challenges to the power of the grand jury and claims of variance between the indictment and proof are not cognizable grounds for Rule 36.1 relief.

Id. at *3.

On June 19, 2017, the Petitioner filed the writ of habeas corpus at issue in this case. Among other things, the Petitioner alleged that his sentence was illegal because the Drug-Free School Zone Act unconstitutionally violates his Sixth Amendment Right to

trial by jury and due process; the one hundred percent sentencing of the Drug-Free School Zone Act directly contravenes not only the statute that enumerates the offenses for which there is no release eligibility, which does not include offenses under the Drug-Free School Zone Act, but also the general statutes that list offender classification and release eligibility percentages; and the grand jury lacked jurisdiction to charge him with a violation of the Drug-Free School Zone Act because the Drug-Free School Zone Act "is an enhancement and not an actual charge."

On June 26, 2017, the habeas corpus court issued an order in which it summarily dismissed the petition on the basis that it failed to state a cognizable claim for habeas corpus relief. This appeal followed.

## ANALYSIS

The Petitioner argues on appeal that the habeas court erred by not addressing the constitutionality of the Drug-Free School Zone statute and by concluding that the issues he raised were not cognizable claims for habeas corpus relief. The State argues, among other things, that the habeas court properly determined that the Petitioner's sentences are neither void nor illegal and that he is therefore not entitled to habeas corpus relief. We agree with the State.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)).

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when a "habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)). Whether the petitioner is entitled to habeas corpus relief is a question of law. Id. at 255; Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is de novo with no presumption of correctness given to the habeas court's findings and conclusions. Id.

We find no error in the habeas court's summary dismissal of the petition on the basis that it failed to establish a cognizable claim for habeas corpus relief. First, as this

court noted in the denial of the Petitioner's Rule 36.1 motion to correct an illegal sentence, the one hundred percent sentence the Petitioner received was authorized by the Drug-Free School Zone Act. The fact that the offense is not one of the enumerated offenses in Tennessee Code Annotated section 40-35-501 for which there is no release eligibility does not mean that the sentence "directly contravenes an applicable statute," such as to be considered illegal. State v. Wooden, 478 S.W.3d 585, 595 (Tenn. 2015). Second, this court has previously rejected numerous assertions that the Drug-Free School Zone Act is unconstitutional. See, e.g., State v. Jenkins, 15 S.W.3d 914, 915 (Tenn. Crim. App. 1999); State v. Steve Duclair, No. E2012-02580-CCA-R3-CD, 2014 WL 1663152, at *14 (Tenn. Crim. App. Apr. 23, 2014), perm. app. denied (Tenn. Oct. 16, 2014); State v. Brian Marshall Keys, No. M2012-02245-CCA-R3-CD, 2014 WL 314485, at *7-8 (Tenn. Crim. App. Jan. 29, 2014), perm. app. denied (Tenn. June 20, 2014); State v. Arturo James-Garcia, No. M2009-00891-CCA-R3-CD, 2010 WL 5343286, at *20-21 (Tenn. Crim. App. Dec. 22, 2010), perm. app. denied (Tenn. May 31, 2011). Finally, the Petitioner's claim that the grand jury lacked the authority to charge him fails to establish that his judgments are void or his sentences expired. Accordingly, we affirm the summary dismissal of the petition for writ of habeas corpus.

## CONCLUSION

Because the Petitioner failed to state a cognizable claim for habeas corpus relief, we affirm the summary dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE